UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICE G. SVEGE, Administratrix of the ESTATE OF THOR SVEGE, SE., ALICE G. SVEGE, Guardian of the Estate of Minor Children, THOR SVEGE, JR. and BRIANA SVEGE, | : : : : : | CIVIL ACTION NO. 3:01CV1771 (MRK) |
| Plaintiffs, | : | |
| VS. | : : | |
| MERCEDES-BENZ CREDIT CORPORATION, FREIGHTLINER CORPORATION and DETROIT DIESEL CORPORATION, | : : : : | JULY 20, 2004 |
| Defendants. | : | |

**PLAINTIFFS' MOTIONS IN LIMINE
AND INCORPORATED MEMORANDUM OF LAW**

Prior to the commencement of jury selection and trial of this case, plaintiffs move this Court, in limine, with respect to the following evidentiary issues. The following matters would be inadmissible at trial or, admissible for only a limited purpose, and to permit counsel to address these issues in opening statement, or through witnesses, will be unduly prejudicial to the plaintiffs and should be excluded under applicable Federal Rules of Evidence:

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS'
PROPOSED WITNESS, ALAN KORN.**

Plaintiffs object to the admissibility of the testimony of Alan Korn of WABCO Corporation, Detroit, Michigan on behalf of the defendants.

Mr. Korn was first proposed as a fact witness by defendants on June 25, 2004 at the Hearing being conducted by the Court on Daubert issues.

The plaintiffs' objected and the Court ruled that if Mr. Korn was, in fact, an expert witness, his testimony would not be permitted since disclosure requirements of Rule 26 had not been complied with.

In the Trial Memorandum, defendants state that Mr. Korn "will testify concerning the design and operation of the WABCO ABS System and operation of the engine brake. Mr. Korn will testify that service brake application is not required for the ABS System to disengage the engine brake and he will explain the system parameters for operation."

Upon information and belief, Alan Korn is the Chief Engineer for Mentor WABCO Vehicle Control Systems which is engaged in the manufacture and sale of Anti-Lock Braking systems.

To comply with Rule 701, his testimony in this case cannot be based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Even without an offer of proof by defendants, it is difficult to contemplate Mr. Korn's testimony not being based on scientific, technical, or specialized knowledge.

He would also become the fourth engineer in this case to testify on the very same issue for the defendants.

The purpose of Rule 702 is to insure that a party will not evade the expert witness disclosure requirements in Rule 26 by calling an expert witness in lay witness clothing. Asplundh Mfg. Div. v. Benton Harbor Eng'g. 57 F3rd 1190 (3''' Cir., 1995). *See* Joseph, *Emerging Expert Issues Under the 1993 disclosure Amendments to the Federal Rules of civil Procedure*, 164 F.R.D. 97, 108 (1996) (noting that 'there is no good reason to allow what is essentially surprise expert testimony' and that 'the Court should be vigilant to preclude

manipulative conduct designed to thwart the expert disclosure and discovery process.') P.R.C.P. 701, Pg. 422, 2000 Amendments.

The plaintiffs will be sorely prejudiced if Mr. Korn is permitted to testify.

### PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED WITNESS. KENNETH S. BAKER

In the same manner and for the same reasons, plaintiffs object to Mr. Kenneth S. Baker as a witness in this case on the grounds that to comply with Rule 701, his testimony cannot be based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

According to the Table of Contents on the cover sheet of "Reconstruction of Heavy Truck Accidents", Topic 878 of the Traffic Accident Manual by Kenneth S. Baker, Mr. Baker authors information about braking systems, unique aspects of tractor-trailer brakes, collision behavior, longitudinal acceleration of heavy trucks, off-tracking, roll-over, as well as speed estimation and other speed estimation techniques.

His testimony cannot be limited to his intentions per se.

Like Mr. Korn, it is difficult to accept his testimony as not being based on scion fie, technical, or specialized knowledge.

The Court has already ruled that no expert witnesses will be permitted to testify unless the disclosure requirements of Rule 26 have been complied with.

The above objections are made the subject of a motion in liminae made part of this Trial Memorandum.

Plaintiffs' objections to witnesses Barnes, Koepke, and Howerton have been the subject of a Daubert application by plaintiffs and will not be repeated here. However, it should be noted that defendants, who have the burden on a Daubert motion as to their challenged experts, did not

call Mr. Barnes as a witness. Mr. Barnes left the Court after Mr. Koepke's testimony and did not return.

## PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED INTENTION

### TO OFFER EVIDENCE OR TESTIMONY RELATING TO SCOTTIE WIGHTMAN'S DRIVING RECORD

Scottie Wightman was the operator of the tractor-trailer involved in the accident.

The overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice to plaintiffs in a strict liability in tort and implied warranty case where witness is not a party.

Witness, Scottie Wightman, a Kentucky resident, pleaded guilty under a plea agreement in Pennsylvania to five (5) summary charges and had two (2) charges dismissed. He paid a $125.00 fine and was assessed 9 points on his license.

In Pennsylvania State Courts, evidence of summary convictions is precluded.

This distinction has been based upon the fact that expedience and convenience, rather than guilt, often control the defendant's decision to plead guilty. The distinction is bolstered by 42 PA. Cons. Stat: Ann. §6142(a), a recodification of previous Vehicle codes which state specifically that 'a pleas of guilty or note contendere, or a payment of the fine and costs...by any person charged with a violation (of the Vehicle Code) shall not be admissible as evidence in any civil matter arising out of the same violation or under the same facts of circumstances."

Both Fed. It Evid. 410 as well as Fed. R Crim. P11(e)(6) are silent on the admissibility of a plea of guilty itself.

There is no issue but that Mr. Wightman was not under the influence of alcohol or drugs pursuant to lab results taken within an hour or so following the accident, and he was travelling well under the 65 m.p.h. speed limit.

Plaintiffs further move in limine regarding defendants' intent to refer to offer into evidence or refer to Mr. Wightman's certified past driving record in Kentucky. Plaintiffs object on the grounds of relevancy. Rules 401-403 F.R.C.P.

Plaintiffs further object and move in limine with regard to any intent by defendants to refer or introduce U.S. Department of Transportation safety compliance reviews and violations regarding Mr. Wightman's employer, Hensley Industries, Inc.

It should be noted that Mr. Wightman's employment with Hensley began on August 20, 1999, and the matters between the Department of Transportation preceded that date.

## MOTION IN LIMINE PRECLUDING DEFENDANT EXPERT, NORRIS HOOVER, FROM OFFERING EXPERT OPINIONS AS TO THE NEGLIGENCE OF SCOTTIE WIGHTMAN WITH REGARD TO HIS OPERATION OF HIS TRACTOR-TRAILER ON THE DAY OF THE ACCIDENT

Mr. Hoover, who has been designated by the defendants, as their driver expert, should be precluded from offering opinions and conclusions as to the manner in which Scottie Wightman drove his tractor-trailer on the day of the accident

Issues relating to negligent operation of motor vehicles are well within the capacities of jurors to decide, and do not require expert testimony to aid jurors in coming to a decision.

        Respectfully submitted,

        Plaintiffs: Alice G. Svege,
        Administratrix of The Estate
        of Thor Svege, Sr. and Alice G. Svege,
        as guardian of the Estate of Minor
        Children, Thor Svege, Jr. and Brianna
        Svege

        By:_____.
        LEO GILBERG, ESQ.
        305 Broadway
        New York, New York 10007
        212-822-1400
        Federal Bar No. CT22824

9(b)(3). Counsel for plaintiffs respectfully requests the Court to permit counsel to delay submission of his proposed verdict form to a time during trial when the issues for jury determination will have developed.