UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL | : CIVIL NO. 3:01 CV 01771 (MRK) |
| Plaintiffs, | : |
| VS. | : |
| MERCEDES-BENZ CREDIT CORPORATION, ET AL | : |
| Defendants. | : JULY 20, 2004 |

## DEFENDANTS' MOTION FOR BIFURCATION

Pursuant to Rule 42(b) and Rule 16(c) of the Federal Rules of Civil Procedure, the defendants, Freightliner Corporation, Detroit Diesel Corporation and Mercedes-Benz Credit Corporation, respectfully request that this court order separate trials before a single jury on the issues of liability and damages. A memorandum of law is submitted herewith in support of this motion.

DEFENDANTS,
FREIGHTLINER CORPORATION,
MERCEDES-BENZ CREDIT
CORPORATION, and
DETROIT DIESEL CORPORATION

By_____
Paul D. Williams (ct05244)
Daniel J. Foster (ct24975)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06095-3499
(860) 275-0100
(860) 275-0343 (fax)
Their Attorneys

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed, on this date, postage prepaid, to:

Leo Gilberg, Esq.
305 Broadway
New York, NY 10007

                                                                                _____
                                                                                 Paul D. Williams

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL | : | CIVIL NO. 3:01 CV 01771 (MRK) |
| Plaintiffs, | : | |
| VS. | : | |
| MERCEDES-BENZ CREDIT CORPORATION, ET AL | : | |
| Defendants. | : | JULY 20, 2004 |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR BIFURCATION

Defendants, Freightliner Corporation, Detroit Diesel Corporation and Mercedes-Benz Credit Corporation, respectfully request that this court order separate trials before a single jury on the issues of liability and damages. Trial in this matter will be lengthy. There are two discrete issues in this case: 1) whether the plaintiffs can meet their burden of proving that the defendants' tractor trailer truck was defective and unreasonably dangerous and proximately caused Scottie Wightman to lose control and collide with the plaintiffs' vehicle, and 2) the amount of damages attributable to this accident. The requested bifurcation will promote efficiency and economy, and will decrease the otherwise substantial likelihood that the jury's decision regarding liability will be influenced by prejudice or sympathy.

## I. WHETHER TO BIFURCATE THIS TRIAL IS WITHIN THE COURT'S DISCRETION

Under the Federal Rules, "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial . . . of any separate issue or of any number of . . . issues . . . ." Fed. R. Civ. P. 42(b). "[W]hether to bifurcate a trial into liability and damages phases is a matter within the

-3-

sound discretion of the trial court." <u>Getty Petroleum Corp. v. Island Transp. Corp.</u>, 862 F.2d 10, 15 (2d Cir. 1988) (citations omitted); <u>see also</u> <u>Katsaros v. Cody</u>, 744 F.2d 270, 278 (2d Cir. 1983) ("The decision to bifurcate a trial into liability and damages phases . . . is 'firmly within the discretion of the trial court under Fed. R. Civ. P. 42(b).'") (citation omitted).

## II.   BIFURCATION IS APPROPRIATE IN THE PRESENT CASE

The present case is particularly well suited for bifurcation into liability and damages phases for several reasons.

### A.   Bifurcation Is Necessary to Avoid a Substantial Risk of Prejudice

Plaintiffs intend to prove that they have suffered very serious injuries in the present case, including the death of Thor Svege, Sr., and bodily injuries to his children, who are orphans as a result of this accident.  The nature and extent of the injuries suffered by the Plaintiffs is entirely irrelevant to the issue of liability, and it would plainly be improper for the jury to consider evidence of damages in making its determination on liability.  Nonetheless, if the Plaintiffs are permitted to offer evidence of the extent of these injuries before the jury has made its determination on liability, there is a very substantial likelihood that the jury will be influenced by evidence of damages in making that determination.  As expressed by one court in this Circuit,

> [Defendants] may be unduly prejudiced if a single trial regarding liability and damages takes place. As noted previously, evidence concerning the [Plaintiffs'] injuries and damages is irrelevant to the question of whether [Defendants] should be liable for the . . . accident. Nonetheless, there is a substantial risk that the jury improperly will consider damages evidence while making its liability determination. This is true not only due to the jury's sympathetic tendencies but also because the evidence regarding both issues promises to be lengthy and complex.  It will be difficult for the jury to compartmentalize the information if separate trials are not conducted.

Raposo v. Honda Motor Co., No. 92-CV-1087, 1996 U.S. Dist. LEXIS 1116, *7-8 (N.D.N.Y. Jan. 29, 1996); see also Witherbee v. Honeywell, Inc., 151 F.R.D. at 30 ("By separating the issues of liability and damages, the court will minimize the risk that the defendants . . . will be unfairly prejudiced by testimony relating to the damages which involve extensive . . . injuries sustained by [the plaintiff].")  The present case is likely to take over two weeks, and the evidence relating to both liability and damages will be complex, requiring expert testimony.  Bifurcation of discrete issues, such as liability and damages in the present case, substantially reduces the likelihood that the jury will be confused by, or unable to compartmentalize, complex evidence.

Due to the natural "sympathetic tendencies" of the jury, bifurcation of trials into liability and damages phases is particularly appropriate in products liability actions.  Courts in this Circuit have repeatedly recognized that

> "potential prejudice [is] inherent in a products liability or personal injury action in which a plaintiff presents evidence of devastating physical injuries, which are irrelevant to a finding of liability.  See, e.g., Witherbee v. Honeywell, Inc., 151 F.R.D. 27, 29 (N.D.N.Y. 1993) (finding jury in personal injury action may be adversely affected by evidence of severity of plaintiff's injuries, length of treatment and overall physical and economic impact of accident, all of which is unrelated to cause of accident); Zofcin v. Dean, 144 F.R.D. 203, 205 (S.D.N.Y. 1992) (finding detailed evidence of severe physical injuries, death, and pain and suffering of family members as result of car accident "poses substantial risk of impairing the jury's objectivity on the liability issue."); Lagudi v. Long Island Railroad Co., 775 F. Supp. 73, 74-74 (E.D.N.Y. 1991) (finding proposition that question of damages may prejudice jury "all the more so applicable to a personal injury case such as the present case.").

Agron v. Trustees of Columbia Univ., 88 Civ. 6294, 1997 U.S. Dist. LEXIS 10146  (S.D.N.Y. July 15, 1997).  These considerations are undeniably very prominent in the present case.

**B.    Bifurcation Will Promote "Convenience . . . Expedition and Economy"**

There is a substantial likelihood that, if the trial is bifurcated, the damages portion of the trial will be unnecessary.  In order to prevail, the Plaintiffs must prove that, contrary to the

-5-

driver's best recollection, the engine brake was on at the time of the accident. They must prove that the use of the engine brake, rather than driver error, caused the accident, despite a dearth of evidence in support of their position[1] and a great deal of evidence to the contrary. Finally, they must prove that the design of the truck rendered it unreasonably dangerous, and that the accident would not have occurred in the absence of the alleged defect. These propositions similarly are supported by little, if any, evidence. For these reasons, there is a substantial likelihood that the jury will find for the Defendants, particularly if the jury is permitted to make a determination of liability before being exposed to evidence of the extent of the damages suffered by the Plaintiffs. As such, there is a very substantial likelihood that bifurcation will obviate the need for evidence regarding the Plaintiffs' damages. Bifurcation is therefore likely to promote judicial economy, as contemplated by Rule 42(b).

The requested bifurcation will also be "in furtherance of convenience," see Rule 42(b), because none or virtually none of the evidence that might be offered to prove the extent of damages suffered by the Plaintiffs would be relevant to the issue of liability. "It is clearly convenient to await consideration of relief where a finding of liability is a sine qua non for such damages or other award." Evans v. Connecticut, 168 F.R.D. 118, 120 (D. Conn. 1996). Thus, "[b]ifurcation of the trial in the present case [is] reasonable because the two phases [involve] different types of evidence." Katsaros v. Cody, 744 F.2d at 278.

Finally, even if a jury did find for the Plaintiffs on the issue of liability in a bifurcated proceeding, bifurcation would not result in any significant inconvenience or inefficiency. Because "the same jury will be used to try both the liability and damage phases of the action,

A: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[1] Defendants continue to maintain that, as further set forth in the Memorandum of Law accompanying their Motion to Preclude Plaintiffs' Experts Glennon, Sero, and Clement and for Summary Judgment, Plaintiffs have identified no admissible evidence in support of this claim.

there will be no need to have duplicative testimony, and there will be little sacrifice to efficiency, convenience or judicial economy. See, e.g., Buscemi v. Pepsico, Inc., 736 F. Supp. 1267, 1272 (S.D.N.Y. 1990) (granting motion to bifurcate)." Witherbee v. Honeywell, Inc., 151 F.R.D. 27, 29-30 (N.D.N.Y. 1993).

### III. CONCLUSION

It is respectfully submitted that all of the pertinent considerations weigh heavily in favor of the requested bifurcation. It is further respectfully submitted that in the present case there is no legitimate reason to expose the jury to highly prejudicial evidence of damages unless and until they make an independent determination that Defendants are liable for those damages.

    DEFENDANTS,
    FREIGHTLINER CORPORATION,
    MERCEDES-BENZ CREDIT
    CORPORATION, and
    DETROIT DIESEL CORPORATION

By_____
    Paul D. Williams (ct05244)
    Daniel J. Foster (ct24975)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06095-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    Their Attorneys

-8-

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed, on this date, postage prepaid, to:

Leo Gilberg, Esq.
305 Broadway
New York, NY 10007

_____
Paul D. Williams

Case 3:01-cv-01771-MRK    Document 145    Filed 07/20/2004    Page 8 of 8