UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL | : | CIVIL NO. 3:01 CV 01771 (MRK) |
| | : | |
| Plaintiffs, | : | |
| VS. | : | |
| | : | |
| MERCEDES-BENZ CREDIT CORPORATION, ET AL | : | |
| | : | |
| Defendants. | : | JULY 20, 2004 |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO PRECLUDE DEFENSE EXPERTS**

Defendants respectfully submit this supplemental Memorandum to address issues relating to foundation about which the court inquired at the June 24-25 hearing on the parties' motions to preclude experts and Defendants' motion for summary judgment.

**I.  FOUNDATION FOR THE ADMISSION OF ACCIDENT SIMULATIONS PRODUCED BY DEFENSE EXPERT WILLIAM HOWERTON USING THE COMPUTER PROGRAM "PC CRASH"**

The Court has asked what foundation must be laid in order that simulations generated by Mr. Howerton be admissible. The admissibility of computer-generated evidence such as computer simulations is generally determined by an assessment of the of data selected to be entered into the program. If the underlying data are sufficiently accurate and complete, and are of the sort ordinarily used by experts in the pertinent field, a proper foundation has been laid for the admission of the evidence. See, e.g., Jackson v. Harsch, No. 96-7749, 1997 U.S. App. LEXIS 14977, *6 (2d Cir. June 20, 1997)(where the expert "described how the exhibits were generated by a computer-imaging program that incorporated data from actual photographs and

measurements taken at the scene . . . . The district court did not err, much less abuse its discretion, in admitting the computer-generated depictions."); Middleport Terminals v. Tank, 94-3731/94-3747, 1996 U.S. App. LEXIS 16654, *5-6 (6th Cir. June 14, 1996)(if the plaintiff "had laid the proper foundation, i.e., shown that these were the types of information upon which experts in the field normally rely, the evidence would have been admissible.")

Some courts have assessed the foundation of such simulations using a three-factor test developed by the Supreme Judicial Court of Massachusetts, which has stated that

> we treat computer-generated models or simulations like other scientific tests, and condition admissibility on a sufficient showing that: (1) the computer is functioning properly; (2) the input and underlying equations are sufficiently complete and accurate (and disclosed to the opposing party, so that they may challenge them); and (3) the program is generally accepted by the appropriate community of scientists.

Commercial Union Ins. Co. v. Boston Edison Co., 412 Mass. 545, 591 N.E.2d 165, 168 (Mass. 2002); see also Kudlacek v. Fiat S.p.A., 244 Neb. 822; 509 N.W.2d 603, 617 (Neb. 1994); Commonwealth v. Serge, 58 Pa. D. & C.4th 52, 71 (Ct. Com. Pl. Lackawanna County, Penn., Sept. 14, 2001); accord State v. Clark, 101 Ohio App. 3d 389, 655 N.E.2d 795, 812 (Ohio App. 1995).

The first of these criteria – that the computer system at issue is functioning properly – is presumed to be true in the absence of any contrary suggestion. See, e.g., United States v. Layne, No. 93-1460, No. 93-1461, 1994 U.S. App. LEXIS 9375 *16-17 (6th Cir. Apr. 19, 1994) (citations omitted); see also United States v. Downing, 753 F.2d 1224, 1240 (3d Cir. 1985)("The underlying principles behind x-ray and computers are well understood; as to these technologies, serious questions of accuracy or reliability arise, if at all, only in connection with their application in a particular instance.")

During his deposition, Mr. Howerton explained to Plaintiffs' counsel how the data based upon which the PC Crash simulation was generated were selected. At trial, he will testify both that "these were the types of information upon which experts in the field normally rely," see Middleport Terminals, 1996 U.S. App. LEXIS 16654 at *5-6, and that "the program [PC Crash] is generally accepted by the appropriate community of scientists." See, e.g., Commercial Union Ins. Co. v. Boston Edison Co., 591 N.E.2d 165 at 168.

## II.     FOUNDATION FOR THE ADMISSION OF VIDEOTAPED EXPERIMENTS SHOWING THAT THE ABS WILL DISENGAGE THE ENGINE BRAKE IF IT DETECTS WHEEL SLIP WITHOUT APPLICATION OF THE SERVICE BRAKE

A videotape may be properly admitted where a witness testifies that it accurately depicts the recorded events. See, e.g., Louis Vuitton S.A. v. Spencer Handbags Corp., 765 F.2d 966, 973-74 (2d Cir. 1985); see also Fed. R. Evid. 901(a) ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.") In the present case, Defendants' experts Howerton and Koepke will testify that the videotapes of demonstrations that they personally performed accurately portray those demonstrations.

## III.    CONCLUSION

For the forgoing reasons, it is respectfully submitted that Defendants will be able to lay a proper foundation for the admission of the computer-generated simulations and videotapes at issue.

                                                DEFENDANTS,
                                                FREIGHTLINER CORPORATION,
                                                MERCEDES-BENZ CREDIT
                                                CORPORATION, and
                                                DETROIT DIESEL CORPORATION

                                      By_____
                                                Paul D. Williams (ct05244)
                                                Daniel J. Foster (ct24975)
                                                Day, Berry & Howard LLP
                                                CityPlace I
                                                Hartford, Connecticut 06095-3499
                                                (860) 275-0100
                                                (860) 275-0343 (fax)
                                                Their Attorneys

## **CERTIFICATION**

    THIS IS TO CERTIFY that a copy of the foregoing was mailed, on this date, postage prepaid, to:

Leo Gilberg, Esq.
305 Broadway
New York, NY 10007

                                              _____
                                              Paul D. Williams