UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALICE G. SVEGE, Administratrix of the ESTATE OF THOR SVEGE, SR., ALICE G. SVEGE, Guardian of the Estate of Minor Children, THOR SVEGE, JR. and BRIANA SVEGE,<br><br>Plaintiffs,<br><br>-vs-<br><br>MERCEDES-BENZ CREDIT CORPORATION, FREIGHTLINER CORPORATION and DETROIT DIESEL CORPORATION,<br><br>Defendants. | CIVIL ACTION<br>NO. 301CV1771 (MRK)<br><br><br><br><br><br><br><br>July 21, 2004 |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR BIFURCATION

Plaintiffs submit this Memorandum of Law in Opposition to defendants' Motion for Bifurcation.

### PRELIMINARY STATEMENT

It is well settled that whether to bifurcate is generally left to the discretion of the Trial Judge, but it is the moving party that bears the burden of showing that bifurcation is warranted.

### BIFURCATION OF LIABILITY AND DAMAGES WILL NOT PROMOTE EFFICIENCY

Defendants assert in their Memorandum of Law conclusorily, that separate trials on the issues of liability and damages will promote judicial efficiency.

Their argument appears to be that a verdict for the defendants is almost be guaranteed.

The Memorandum states that "there is a substantial likelihood that the jury will find for the defendants" and "there is a very substantial likelihood that bifurcation will obviate the need for evidence regarding plaintiffs' damages."

This Court is sufficiently informed from previous proceedings in this case before it to assess this contention.

The defendants' motion rests upon the contingency of a liability verdict in its favor.

If this is not the case, it is readily apparent that it would take longer and be more expensive to hold two trials, which would require additional opening and closing arguments, two sessions of jury instructions and jury deliberations and many more days for testimony of the several witnesses who may have to be called twice and be subjected to additional sets of direct examination and cross-examination.

Defendants claim that bifurcation will avoid risk of prejudice that comes with knowledge that the minor children plaintiffs are orphans as a result of this accident is simply unrealistic.

In Densberger et al. v. United Technologies Corporation, 125 F. Supp. 2nd 585 (D. Conn., 2000), District Court Judge Hall denied defendants' motion to bifurcate.

The case involved four deaths and two personal injury actions and was brought under the CPLA arising from the crash of a helicopter.

The motion to bifurcate is not mentioned in the decision cited, but is found in the docket of 3:96CV532(JCH).

A liability trial will not shield the defendants from the fact that the jury will learn that three adults in the plaintiffs' vehicle, the operator, Thor Svege, Sr., his front seat passenger, his wife, Aileen, and his mother-in-law seated behind him, are not going to testify about the happening of the accident because they were killed.

Plaintiffs, who in this case were indisputably entirely innocent with respect to the tragedy that befell them and who cannot compete economically with defendants, have a strong interest in a single trial being held, which is much more than the theoretical possibility that jurors would not follow the instructions on their legal duties given them by Your Honorable Court. There is a great amount of psychological stress that accompanies any trial, particularly for parties who have

suffered the type of harm suffered by the plaintiffs in this matter. There is no competing interests favoring bifurcation that outweighs the injustice it would be to put the children and mother of the plaintiffs' decedent through two trials instead of one in order for them to recover the damages the law entitled them to claim against the defendants in this matter.

The possibility of sympathy will exist even if bifurcation is granted.

Although styled as a motion to bifurcate, the motion is in fact a motion to trifurcate.

In a case, as here, what the defendants did that was "willful, wanton, and reckless" is obviously intimately involved with what defendants also did to merit liability under strict liability in tort, negligence, and breach of implied warranty.

However, it is doubtful that the Court will permit the jury to decide in the liability phase responsibility for punitive damages without first assessing compensatory damages.

Nor is there any guarantee, whatever the intention of the Court or parties may be, that one jury once a case is bifurcated will hear the entire case.

In a State court, it is true that the Court may decide in a bifurcated trial to add more alternate jurors and keep going.

However, in the Federal Court, where there are no alternates, additional jurors unfairly increase the burden on plaintiffs who must obtain a unanimous verdict.

### A SINGLE TRIAL ON LIABILITY AND DAMAGES WILL NOT PREJUDICE DEFENDANTS

Defendants argue that they will be prejudiced by the trial of liability and damages together.

As noted in <u>Aldous v. Honda Motor Co., Ltd.</u>, 1996 WL 312189 (N.D.N.Y.) at 2., one trial for liability and damages is the rule and bifurcation is the exception.

> "Defendants point to no particular factor specific to this case that distinguished the potential for prejudice here from the potential prejudice which is normally and customarily dealt

3

with through an appropriate charge and curative instructions where necessary."

Plaintiffs respectfully ask the Court to use its discretion and deny this motion.

Respectfully submitted,

Plaintiffs: Alice G. Svege,
Administratrix of The Estate
of Thor Svege, Sr. and Alice G. Svege, as
guardian of the Estate of Minor Children,
Thor Svege, Jr. and Brianna Svege

By: _____
LEO GILBERG, ESQ.
305 Broadway
New York, New York 10007
212-822-1400
Federal Bar No. CT22824

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent on this date by FED EX for next day delivery to:

Clerk
U.S. District Court: District of Connecticut
141 Church Street
New Haven, CT 06510

Judge Mark R. Kravitz (courtesy copy)

Paul E. Williams, Esq.
Day, Berry & Howard, LLP
City Place I
Hartford, CT 06095

_____
LEO GILBERG, ESQ.