UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALICE G. SVEGE, ADMINISTRATIX, ET AL : | |
| : | |
| Plaintiffs,            : | CIVIL NO. 3:01 CV 01771 (MRK) |
| : | |
| v.                              : | |
| : | |
| MERCEDES-BENZ CREDIT CORPORATION,  : | |
| ET AL                           : | |
| : | |
| Defendants.         : | |

**RULING AND ORDER**

In this motor vehicle accident case involving a death of a parent and bodily and emotional injuries to his children, who were orphaned as a result of the accident, Defendants move pursuant to Rules 42(b) and 16(c) of the Federal Rules of Civil Procedure for separate trials before a single jury on the issues of liability and damages. For the reasons set forth below, the Court DENIES Defendants' Motion For Bifurcation [doc. # 144].

The decision to bifurcate a trial into phases is a matter that lies within the sound discretion of the trial court. Fed. R. Civ. P. 42(b); *see Simpson v. Pittsburgh Corning* Corp., 901 F.2d 277, 283 (2d Cir. 1990) ("[L]eav[ing] the mode of trial ultimately to the discretion of the district judge."); *see also Getty Petroleum Corp. v. Island Trans. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988); *Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27 (N.D.N.Y. 1993). In exercising that discretion, this Court begins its analysis with the Advisory Committee's admonition that "separation of issues for trial is not to be routinely ordered." Advis. Comm. Notes, 1996 Amend., Fed. R. Civ. P. 42(b). Ordinarily, a jury is entitled to hear all of the evidence and

deliberate over all of the issues in the case at one time. *See, e.g., Miller v. Am. Bonding Co.*, 257 U.S. 304, 307 (1921) ("[T]he general practice is to try all the issues in a case at one time."); *Monaghan v. SZS 33 Assoc.*, 827 F. Supp. 233, 245 (S.D.N.Y. 1993).

      Bifurcation is thus the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce. *See Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001). On a case-by-case basis, the Court should examine, among other factors, whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion. *See Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 CIV. 0607, 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000). In this case, Defendants argue that each of these factors favors bifurcation. Though the question is admittedly a close one, the Court disagrees.

      **Prejudice**. Defendants principal argument is that they will be prejudiced on the issue of liability if the jury hears Plaintiffs' evidence on damages, particularly evidence regarding the injuries and orphaning of the two minor children of the decedent. Certainly, that evidence is likely to be compelling and it has the potential to prejudice the jury against Defendants. However, the same observation could be made in any case involving traumatic injuries or death. Yet, the issues of liability and damages are routinely tried, even in cases of death or severe injury. *See, e.g., Aldous v. Honda Motor Co. Ltd.*, No. 94 CV 1090, 1996 WL 312189, at *2 (N.D.N.Y. May 30, 1996). Furthermore, whether the Court bifurcates the issues or not, the jury will learn during the liability phase that Thor Svege, Sr. died in the accident and that his two children were injured. Graphic photos of the Sveges' destroyed vehicle, which are needed to illustrate

testimony regarding liability, will make it abundantly clear to the jurors that the accident was catastrophic and that any injuries sustained would have been substantial. Therefore, it is not clear to this Court that bifurcation will eliminate or even substantially reduce the potential prejudice that Defendants fear.

In this case, the Court believes that the potential for prejudice that Defendants fear can most effectively be minimized or avoided through cautionary instructions at the outset of the case and throughout the trial that are designed to emphasize that jurors must not be swayed by sympathy and that they have a duty to consider the evidence and the claims fairly and impartially. The Court also intends to be attuned to any effort by Plaintiffs' counsel to unfairly appeal to jurors' sympathies or emotions.

**Economy.** Defendants also argue that bifurcation will promote economy because a damages phase will likely be unnecessary. The Court certainly appreciates Defendants' confidence on the eve of trial. However, without expressing any view on the ultimate outcome of this trial, it suffices to say that Defendants "projected savings are by no means guaranteed." *See Aldous*, 1996 WL 312189, at * 2. And if there is a verdict against Defendants of liability, bifurcating liability and damages will likely end up being more inefficient than presenting all issues and all evidence to the jury at one time.

**Confusion.** This is an area where Defendants may have a point. The liability and damages issues are for the most part separate, and the liability issues are reasonably technical. However, this case is not so complicated and the liability issues are not so numerous or complex that the jury is likely to be distracted from their task on liability by the presence of testimony and exhibits relating to damages. After all, this case involves a motor vehicle accident, not brain

surgery. Good lawyering and careful instructions should keep the jury focused and on task even if liability and damages are tried together.

On balance, therefore, the Court is not convinced that Defendants have satisfied their burden of establishing that bifurcation would produce substantial benefits justifying departure from the ordinary practice of presenting the entire case, and all issues, to the jury. Accordingly, the Motion for Bifurcation [doc. #144] is DENIED.

                                IT IS SO ORDERED.

                      /s/     Mark R. Kravitz
                           United States District Judge

Dated at New Haven, Connecticut: July 26, 2004.