UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL. : | CIVIL NO. 3:01 CV 01771 (MRK) |
|        Plaintiffs, : | |
| VS. : | |
| MERCEDES-BENZ CREDIT CORPORATION, : ET AL. : | |
|        Defendants. : | JULY 28, 2004 |

**<u>DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PRECLUDE TESTIMONY OF PLAINTIFFS' EXPERT DAVID E. CLEMENT</u>**

At a pretrial hearing on July 26, 2004, the Court indicated that it was reserving judgment on whether to preclude testimony by Plaintiffs' expert David E. Clement regarding one of the opinions he has offered in this case. Defendants respectfully submit that Clement should not be permitted to testify with regard to the pertinent subject.

At the hearing, the Court ruled, inter alia, that Clement was precluded from testifying that the truck at issue in this case, and its warnings and instructions, were defective. The Court indicated, however, that Clement might be permitted to testify, e.g., that research identified in his expert report indicates that an indicator light would provide a better warning or reminder to the driver of a vehicle than would the position of a toggle switch such as that with which the truck in this case was equipped. Defendants respectfully submit that this testimony should be excluded because (a) the literature upon which Clement purportedly relied in determining that a light would serve as a better indicator than a switch position provides no support for this conclusion, (b) Clement is concededly unable to offer the opinion that a light would serve as a better indicator of whether the engine brake is on than the noise of the engine brake, and no literature cited by Clement supports this conclusion either, and (c) all evidence regarding warnings,

including opinion testimony, should be excluded as irrelevant because Plaintiffs are unable to provide evidence that, if better or additional warnings had been provided, this accident would not have occurred.

### A. CLEMENT'S OPINION IS UNSUPPORTED BY THE LITERATURE UPON WHICH HE PURPORTEDLY RELIES

The Court indicated that Clement might be permitted to testify that an indicator light can serve as a better warning than the position of the engine brake control switches if the materials referred to by him include studies that provide support for this assertion. They do not.

Plaintiffs' counsel indicated at the July 26 hearing that this assertion was supported by those materials identified as Plaintiffs' exhibits 40.1 and 40.2. Exhibit 40.2 concerns reaction times and is not pertinent to this opinion. Exhibit 40.1, <u>Human Factors in Engineering and Design</u>, 7th ed., contains three passages that are related to the subject matter of Clement's opinion. None of those passages, however, provides any support for Clement's opinion.

First, a section entitled "Purposes of Warnings" lists among the "four principal purposes [of] warnings . . . . (4) Remind users of a danger at the time and place where the danger is most likely to be encountered." (<u>See</u> Ex. 40.1 at 681.) Second, a section entitled "Sensing a Warning" states that

> [t]he warning must catch the attention of the consumer under the circumstances in which the product will be used. The following considerations are important: size; shape; color; graphical deign; contrast; placement; use of "active" attention getters such as bells, waving flags, or blinking lights . . . . In addition, in Chapter 6 we discuss some design considerations for auditory warnings.

(<u>See</u> <u>id.</u> at 681-82.) Finally, under a section entitled "Heeding the Warning" is a list of "some factors that may influence whether people heed a warning," among which is "whether the warning is remembered at the time and place where the action is required." (<u>See</u> <u>id.</u> at 684.)

Nowhere in this publication, however, is it asserted that any particular form of warning or indicator, such as an indicator light that is on whenever the engine brake switch is on, is <u>more effective than</u> any other form of warning or indicator. Thus, the portion of this publication identified by Plaintiffs does not support the conclusion that a constant indicator light is more likely than the position of the engine brake switches to "[r]emind users of a danger at the time and place where the danger is most likely to be encountered," to "catch the attention of the consumer under the circumstances in which the product will be used," or to be "remembered at the time and place where the action is required." Even if there are studies that address these issues, this publication refers to none and does not itself assert any conclusions on these issues. By contrast, where this publication *does* assert conclusions, it cites pertinent studies on many occasions just in the five page section provided by Plaintiffs.[1]

Clement's proposed indicator light would remain on at all times that the engine brake switch was in the on position. It would not come on only when, e.g., the truck was driving on wet pavement.[2] It is hardly self-evident that an indicator that does not change states when a dangerous situation is encountered would in fact "remind" a product user of the danger when that situation is encountered. The exhibits identified by Plaintiffs as the basis for Clement's opinion

---

[1] <u>See</u> Ex. 40.1 at 680 (citing "Ursic (1984)" and "Laughery and Stanush (1989)" in support of conclusions relating to the connection between the warnings attached to a product and its perceived level of safety); <u>id.</u> at 682 (citing <u>eight</u> different studies in support of four different conclusions relating to the likelihood that a warning will be read); <u>id.</u> at 683 (citing "Collins (1983)," "(Wogalter, Desaulniers, and Godfrey 1985)," and "(Kriefeldt and Alpert, 1985)," as well as <u>Fiorentino v. A. E. Staley Mfg. Co.</u>, 416 N.E.2d 998 (Mass. App. 1981) in support of various conclusions relating to phrasing and comprehension of warnings); <u>id.</u> at 684 (citing "Wogalter et al. (1987)" and a 1980 study by the Consumer Product Safety Commission in support of conclusions regarding the likelihood that warnings in instructions manuals will be read under particular circumstances).

[2] Plaintiffs have never raised the possibility of having an indicator light illuminate only when the truck was driving on wet pavement; consequently, they have not asserted that this would be a feasible option.

do not even indicate that any particular form of warning, such as an indicator light, *does* effectively remind users of a danger if the indicator remains in a constant state before, during, and after the danger is encountered. They certainly do not express or support the view that one such form of warning would be a better reminder than another.

      To the contrary, the excerpt provided as exhibit 40.1 states that

> The ultimate measure of effectiveness is whether the warning was heeded by the user. Unfortunately, there has not been a great deal of research assessing the effectiveness of warnings by using behavioral measures. Most research on warning effectiveness assesses the perceived effectiveness by asking several subjects which of several warnings they *think* would be most effective.

(Ex. 40.1 (emphasis in original).) Thus, the cited publication actually takes the position that the existing research that might otherwise provide a basis for an opinion that one form of warning is more effective than another is inadequate, noting that there is little such research and dismissing that which does exist by emphasizing the work "think" in the quoted passage. Although it goes on to state that "[t]here are, however, *some* studies which may shed *some* light on the issues of effectiveness," (id. (emphasis added)), the only such studies referred to in that portion of the publication excerpted as exhibit 40.2 are in a subsection entitled "Warnings in Instructions." The only study for which a conclusion can be identified in the excerpted part of this publication concerns the difference in the likelihood that a written warning will be followed if it is placed at the beginning or at the end of written instructions. No study is identified that provides any basis for the conclusion that one <u>form</u> of warning is more effective than another.

B. **EVEN IF CLEMENT'S SOURCES INDICATED THAT AN INDICATOR LIGHT SERVES AS A BETTER WARNING THAN THE POSITION OF THE ENGINE BRAKE SWITCHES, THEY DO NOT SUPPORT THE CONCLUSION THAT IT WOULD SERVE AS A BETTER WARNING THAN THE NOISE OF THE ENGINE BRAKE**

As set forth at length elsewhere,[3] there is substantial evidence that the noise made by the engine brake is loud enough to serve as a very effective indicator to the truck's driver (as well as to others in the vicinity) that the engine brake is on. Both Clement and the excerpt from Human Factors in Engineering and Design marked as exhibit 40.1 indicate that sounds can be "active indicators" of the status of a particular product. (See Defendants' Memorandum of Law in Support of Their Motion to Preclude Plaintiffs' Experts Glennon, Sero, and Clement and for Summary Judgment (Apr. 13, 2004) at 33-34 (citing Deposition of David E. Clement at 59-60 (Clement Dep.) (asserting that a noise "may be the best" indicator); Ex. 40.1 at 682 (referring to "'active' attention getters such as bells . . . .").)

Neither Clement nor this publication provides any basis for the opinion that an indicator light would serve as a better indicator or warning than would the noise of the engine brake. Such a hypothesis would be contrary to common sense, and Defendants respectfully submit that Clement should not be permitted to assert this opinion to the jury when it is without any identifiable basis. The publications on which Clement purportedly relies do not even assert or suggest that, even if the noise was a more effective warning or indicator of engine brake status than an indicator light, the addition of an indicator light to the other indications already present would increase the likelihood that the driver would remember to shut it off when encountering wet pavement. Thus, even this opinion would be without any identified basis. Presumably, it

---

[3] See, e.g., Defendants' Memorandum of Law in Support of Their Motion to Preclude Plaintiffs' Experts Glennon, Sero, and Clement and for Summary Judgment (Apr. 13, 2004) ("Memo. of Apr. 13") at 33-34.

would be possible to test or study whether such hypotheses are based in fact,[4] but, apparently, no such tests or studies have been done.

Plaintiffs' failure to identify any studies or other evidence tending to show that, in the abstract, one form of warning or indicator is better than another form is not surprising, given that both Clement's testimony and the literature upon which he purportedly relies – as well as common sense – indicate that the effectiveness of various forms of warnings depends on a variety of circumstances. These include the user's degree of familiarity with the product, its perceived level of hazardousness, and the likelihood of "warning overload" due to the number of dangers associated with the use of a product with regard to which warnings are necessary or appropriate, as well as the individual user's propensities. (See id. at 682, 684.) In addition, as Clement himself volunteered at his deposition, an indicator light on the dashboard of a motor vehicle may be washed out by the sun. (See Clement Dep. at 65[5] (expressing surprise that race cars are not equipped with dashboard indicator lights "although a lot of times bright sun is going to wipe those out anyway"); Mem. of Apr. 13 at 35-36 (citing clement Dep. at 83-84) (acknowledging that dashboard lights may be washed out by daylight).)

Defendants respectfully submit that, due to these variations and contingencies, and pros and cons relating to various types of warnings in various circumstances, it can not reliably be stated that, in the abstract, one form of warning, such as an indicator light, is better or more effective than another. There is apparently no literature that makes such a statement. Nor can Clement testify that, in this case, the circumstances are such that an indicator light or other form

---

[4] As previously noted, Clement has set forth the way in which such hypotheses could be tested, but has neither performed such tests nor identified tests performed by others. See id. at 36 (citing Deposition of David E. Clement, May 28, 2003, at 85-87).

[5] This page of Clement's deposition testimony, which was not attached as an exhibit to any prior pleading, is attached hereto as Exhibit A.

of warning would serve as a more effective warning or reminder than the indicators already present; as the Court has ruled, Clement is not qualified to give such testimony.

C. **ALL OF CLEMENT'S TESTIMONY SHOULD BE EXCLUDED AS IRRELEVANT BECAUSE THERE IS NO EVIDENCE THAT THE ACCIDENT WOULD NOT HAVE OCCURRED IF THE TRUCK HAD HAD AN ENGINE BRAKE INDICATOR LIGHT**

Defendants respectfully submit that there is no evidence upon which it could reasonably be inferred that this accident would not have occurred if this truck had been equipped with an engine brake indicator light.[6] Specifically, they can not prove that the presence of an indicator light or any other additional form of warning would have caused Mr. Wightman to turn off the engine brake and, therefore, avoid the accident.

Plaintiffs have the burden of proving not only that existing warnings were inadequate, but also that this accident would not have occurred if adequate warnings had been in place. Conn. Gen Stat. § 52-572q, which governs "[l]iability of product seller[s] due to lack of adequate warnings or instructions," states that "the claimant shall prove by a fair preponderance of the evidence that if adequate warnings or instructions had been provided, the claimant would not have suffered the harm." Conn. Gen. Stat. § 52-572q(c); see also DeJesus v. Craftsman Mach. Co., 16 Conn. App. 558, 573, 548 A.2d 736 (1988):

---

[6] At the July 26, 2004 pretrial hearing, in light of the Court's ruling that Clement would not himself be permitted to provide testimony that an alleged shortcoming in the warnings caused this accident, Defendants moved orally for preclusion of other Clement's testimony on the basis that there was therefore no evidence of causation. The Court advised that it was reserving judgment on the issue. Defendants respectfully reduce this motion to writing at this time because, in the present case, it is not possible for new evidence to arise at trial that would support the assertion that an indicator light would have changed Wightman's behavior. On this same basis, Plaintiffs also renew their motion to preclude any testimony regarding the feasibility of an indicator light by Plaintiffs' expert Samuel J. Sero, and object to the introduction of any other evidence tending to show that warnings in the present case were inadequate, including Exhibits 19.1 and 20.

> although the jury found that the machine was defective because it did not have adequate warnings on it, the jury expressly found in its answer to question five that this lack of warning was not a proximate cause of the plaintiff's injuries. . . . [In light of § 52-572q(c)], [t]he plaintiff was not entitled to judgment in his favor regarding the liability of Craftsman based on the jury's answer to the interrogatory in question.

As the Third Circuit has put it,

> When, as in the instant case, the plaintiff's theory of liability is that the defendant failed adequately to warn, "the evidence must be such as to support a reasonable inference, <u>rather than a guess</u>, that the existence of an adequate warning may have prevented the accident before the issue of causation may be submitted to the jury."

<u>Powell v. J.T. Posey Co.</u>, 766 F.2d 131, 134 (3d Cir. 1985)(quoting <u>Conti v. Ford Motor Co.</u>, 743 F.2d 195, 198 (3d Cir. 1984))(emphasis added). There is no such evidence in the present case.

This lack of evidence evidently resulted from the Plaintiffs' strategic decision. Other courts, including courts in Connecticut, have permitted juries to find that an accident or injury would not have occurred if an adequate warning had been provided based on testimony by an individual that he or she would have heeded such a warning.[7] <u>See, e.g.</u>, <u>Battistoni v. Weatherking Prods.</u>, 41 Conn. App. 555, 563-64, 676 A.2d 890 (Conn. App. 1996); <u>Sharp v. Wyatt, Inc.</u>, 31 Conn. App. 824, 836-37, 627 A.2d 1347 (Conn. App. 1993); <u>Fisher v. Ford Motor Co.</u>, 13 F. Supp. 2d 631, 638 (N.D. Ohio 1998), affirmed, 224 F.3d 570 (6th Cir. 2000); <u>cf</u> <u>Stewart v. GMC</u>, 222 F. Supp. 2d 845, 850 (W.D. Ky. 2002), affirmed, Nos. 02-6207, 02-6270, 2004 U.S. App. LEXIS 13872, *8-9 (6th Cir. June 25, 2004) (granting summary judgment

---

[7] Not all courts consider such evidence admissible. <u>See, e.g.</u>, <u>Washington v. Department of Transp.</u>, 8 F.3d 296, 300 (5th Cir. 1993)(no abuse of discretion in refusal to admit "self-serving speculation" regarding what a witness would have done had he seen a warning label); <u>Kloepfer v. Honda Motor Co.</u>, 898 F.2d 1452, 1459 (1990) (same); <u>Beatty v. Michelin Tire Corp.</u>, No. 3:94CV989, 1999 U.S. Dist. LEXIS 21970, *14-15 (D. Conn. Mar. 31, 1999) (refusing to admit such evidence).

for defendant where "Plaintiff has offered <u>no evidence either by deposition testimony or affidavit that she would have changed her behavior</u> if Defendant placed an identical warning in additional locations." (emphasis added)).

In the present case, Plaintiffs took the deposition of the driver, Scottie Wightman. As Defendants have previously noted, Wightman testified that he was aware that he should not use the engine brake in the rain, and that his best recollection was that he had turned if off when he got on the Pennsylvania Turnpike. (Deposition of Scottie Wightman, November 19, 2001 at 47, 58-59.) Wightman described the actions he would take while attempting to regain control after it had been lost, noting that the first thing he would do would be to steer the vehicle in an effort to regain control, the second thing he would do would be to "apply the hand brake . . . . to the trailer," and the third thing would be to drop gears. (<u>Id.</u> at 59.) When Plaintiffs' counsel specifically asked Wightman when in this sequence he would turn off the engine brake, assuming that it had been on, Wightman responded that "[i]f the engine brake would have been on at that particular time, <u>there is no way that you would think to reach and turn it off</u>." (<u>Id.</u> (emphasis added).) Plaintiffs chose not to ask Wightman whether he believed that an indicator light would or might have reminded him to turn it off under the circumstances of this accident, perhaps because Wightman's response to the question he *was* asked suggests that there was a substantial likelihood that he would have given a response that was not favorable to the Plaintiffs. Indeed, Clement himself "summarize[ed]" Wightman's testimony as describing "the <u>impossibility</u> of throwing the switch, <u>even if he had thought about it</u>, at the time of the accident. And that's throwing the engine brake switch." (Clement Dep. at 135 (emphasis added).)

While the jury is not required to credit Wightman's testimony insofar as it is unfavorable to the Plaintiffs, his testimony simply provides no basis upon which the jury could reasonably

-9-

infer that, if the truck were equipped with an indicator light, Wightman would have remembered to turn off the engine brake, and thereby avoided the accident, assuming that it was on in the first place. Any such inference from his testimony would be entirely speculative and conjectural. The speculative nature of such an inference is considerably increased by the fact that there is substantial evidence that, if the engine brake were on, the noise of the engine brake would have alerted Mr. Wightman to the fact that it was on. Thus, in order to infer that the accident would not have occurred if the truck were equipped with an indicator light, the jury would have to find or assume that the engine brake was on, and that the noise did not have reminded Wightman to turn it off, but that, despite this, an indicator light would have done so, if, hypothetically, one had been present. It is respectfully submitted that this is far outside the realm of reasonable inference and would clearly constitute conjecture, speculation or guesswork.

In summary, Defendants respectfully request that the Court preclude all testimony by David E. Clement as well as any other evidence pertinent to Plaintiffs' failure to warn claim.

DEFENDANTS,
FREIGHTLINER CORPORATION,
MERCEDES-BENZ CREDIT
CORPORATION, and
DETROIT DIESEL CORPORATION


By_____
    Paul D. Williams (ct05244)
    Daniel J. Foster (ct24975)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06095-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    Their Attorneys

## **CERTIFICATION**

 THIS IS TO CERTIFY that a copy of the foregoing was mailed, on this date, postage prepaid, to:

Leo Gilberg, Esq.
305 Broadway
New York, NY 10007

              _____
              Paul D. Williams