UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL. : | CIVIL NO. 3:01 CV 01771 (MRK) |
| Plaintiffs, : | |
| -vs- : | |
| MERCEDES-BENZ CREDIT CORPORATION, : <br> ET AL. : | |
| : | July 29, 2004 |
| Defendants. : | |

## JOINT TRIAL MEMORANDUM EXHIBIT D

## OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS

JURY'S DUTY TO BE IMPARTIAL TO ALL PARTIES

Plaintiffs do not object to the first paragraph of the proposed charge, but object to the second paragraph in its entirety.

The second paragraph is not balanced and unfairly stresses that defendants are corporations and suggests to the jurors that they must, in effect, think twice and give special consideration whether any decision adverse to a corporation may be influenced by the fact that defendants are corporations.

The cases cited by defendants in support seem to have little to do with jury instructions.

The Rizzo, *supra* case was one where the trial court directed a verdict for the plaintiff.

SPECULATION IS NOT PERMITTED

Plaintiffs object to this proposed charge in its entirety.

Again, Rizzo, *supra* does not appear to be an appropriate cite since it is a case that resulted in a directed verdict by the Court and not a jury verdict.

The above proposed instruction seems to be designed to undercut the traditional instruction as to preponderance of evidence.

For instance, "If, for example, you find that the preponderance of the evidence shows that it is merely possible that the engine brake was a proximate cause of this accident" emaciates the whole meaning of the preponderance of evidence charge, since the preponderance of evidence charge refers to "the quality and persuasiveness of the evidence" and "to establish preponderance of the evidence means to prove the fact is more likely true than not true."

Plaintiffs respectfully submit that plaintiffs' proposed jury instructions (Exhibit C) on burden of proof and preponderance of evidence found beginning on Page 15 and continuing through Page 17 is more appropriate and should be given.

TESTIMONY OF EXPERT WITNESS

Plaintiffs objects to the above proposed instruction, especially that portion in the third paragraph which appears to suggest weight of evidence is dependent solely by the quality and "professional attainment" of the witness.

Expert witness testimony is more than comparison of credentials.

The following charge is respectfully submitted by the plaintiffs.

When a case involves a matter of science or art or requires special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his/her opinion for the information of the court and jury. The opinion stated by each expert who testified before you were based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorney who questioned the expert asked the expert to assume. You may reject the expert's opinion if you find the facts to be different from those which formed the basis for the opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion. In other words, you are not required to accept an expert's opinion to

the exclusion of the facts and circumstances disclosed by other testimony. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

## ADMISSIONS BY PARTIES

Object to the above instruction.

The cited case given to support the charge deal with pleas or findings of guilt regarding charges made.

There are no charges or such admissions pertaining to parties to this lawsuit.

If this proposed jury instruction is meant for Scottie Wightman, it is inappropriate.

This is a product liability claim governed by the CPLA, §52-571(m).

The conduct of third persons is not a defense to a manufacturer of a defective product found to have proximately caused injury to plaintiffs.

## STRICT LIABILITY (§ 52-572(m))

Object to the charge in its entirety, since the proposed instruction does not use the word "product", but limits itself to the use of the word "truck."

The proposed instruction is both inaccurate and confusing since the plaintiffs' case is premised on the fact that use of an engine brake on a wet and slippery roadway can lead to loss of control of vehicle.

There should be an instruction to the jury that each time the word "product" is used, what is being referred to is the Freightliner tractor involved in this accident which was sold and delivered equipped with an engine brake or Jake brake.

It is the use of the engine brake on wet and slippery roadways that plaintiffs claim made the product unreasonably dangerous and defective.

Furthermore, the following is specifically objected to.

"The manufacturer or seller, however, is not an insurer, and is not required to guarantee that no one will be harmed by use of the product. The law does not require that a product be perfect or accident-proof, or incapable of causing injury. Nor is a product seller required to incorporate the greatest possible safety features in its product. Rather, the defendants are required to use only such means as are necessary to make the product reasonably safe for its intended use."

The above misstates the law.

For instance, the product has to be made reasonably safe for not only its intended use, but for its reasonably forseeable use.

Defendants knew that the engine brake would be used in wet weather, and even included the Jacobs Professional Drivers Techniques Manual which instructed drivers how to use the engine brake in wet and slippery weather conditions.

Plaintiff respectfully submits that its own proposed instruction on Strict Liability in Tort should be given.

STRICT PRODUCTS LIABILITY:
UNREASONABLY DANGEROUS DEFECT – GENERALLY

Plaintiffs object to the instruction as being inaccurate, misleading, and confusing.

The instruction should reflect the law, namely, that a product is defective that is so likely to be harmful that a reasonable person who had actual knowledge of its potential for producing injury would conclude that it should not have been marketed in that condition.

PRODUCT UNREASONABLY DANGEROUS AS DESIGNED

Plaintiffs object to the proposed instruction in its entirety.

4

In particular, instruction that "mere fact that under certain circumstances an accident may occur with the use of the truck does not, of itself, make the product unreasonably dangerous," and "a product is not dangerously defective when it is safe for normal use" will mislead and confuse jurors.

The premise of plaintiffs' case is that it is the use of the engine brake on wet and slippery roadways that makes the product defective.

Using the terms "certain circumstances" and "safe for normal use" is asking the jury to speculate.

The Court should define product – "a Freightliner tractor equipped with an engine brake" and the actual circumstance being used on a wet and slippery roadway on a curve.

The fact that the engine brake can be used in "normal" circumstances when the roadway is not wet or slippery is not the issue and should not be made the issue.

## PRODUCT CONSIDERED AS A WHOLE

Plaintiffs object to this instruction in its entirety.

The instruction, again, is misleading and confuses rather than instructs.

This lawsuit does focus on the engine brake of the tractor and its known propensity to cause the tractor to lose control when enabled on a wet and slippery roadway.

Instructing the jury to consider whether other parts of the tractor were reasonably designed and weigh this information in concluding whether the tractor was reasonably designed is inappropriate.

## MODIFIED CONSUMER EXPECTATION (RISK/UTILITY)

Plaintiffs object.

Under the CPLA, there is no burden on plaintiffs to offer evidence of a feasible alternative design.

5

Potter, *supra*, states that plaintiffs <u>may</u>, but are <u>not</u> required to offer an alternative design.

The fact that plaintiffs are, in fact, offering an alternative design based upon the service brake option control of the engine brake made available by defendant, DDC, and already wired into the subject tractor at no additional cost, does not increase plaintiffs' burden or requirement to prove that use of an engine brake on a wet roadway which can cause loss of vehicle control makes the product unreasonably dangerous and defective.

Plaintiffs object to the instruction that "there is some risk of harm associated with the use of any product" and that a product is unreasonably dangerous only if risk of harm outweighs benefits of product.

The first statement is simply not true, and the second, calls upon jurors to make subjective assessments not based on the law and the instructions they are receiving.

## INDUSTRY STANDARDS

Plaintiffs object.

If industry standards and practices were a criteria, no products liability case could ever succeed.

The jury should be instructed that industry standards and practices are irrelevant.

State of the art is a proper consideration for the jury.

The jury should be charged that defendant, DDC, had available a state of the art service brake option that would have permitted operation of the engine brake only when the service brake was pressed. This option was already wired into the subject tractor and was cost-effective, and could be made limited to bad roadway conditions by a simple transfer switch proposed by plaintiffs.

Plaintiffs request instruction that manufacturer has a duty to make products pursuant to a safer design even if custom of industry is not to use that alternative. See, <u>Potter</u>, *supra*.

6

FEDERAL SAFETY STANDARDS

Plaintiffs object.

The issue is whether Federal Safety Standards specifically included standards for engine brake use on wet and slippery roadways, and even so, federal Standards are minimum standards.

The Ford Pinto met every Federal Safety Standard including the one for the rear bumper.

Again, the product is not the "truck" per se, it is the subject tractor equipped with an engine brake.

EVIDENCE OF ALTERNATIVE DESIGNS

Plaintiff objects.

Plaintiffs do not know what testimony defendants are referring to.

This instruction is not case specific.

Conclusions that product sellers "are not required to use all means to make the truck safe" or "use the latest or the modern means" may be defendants' arguments to a jury, but these arguments should not be part of the charge.

CAUSATION

Plaintiffs object.

The instruction is both unbalanced, argumentative, and not the law.

In Barry v. Quality Steel Product, Inc., 263 Conn. 424, 820 A.2nd 258, (2003), the Supreme Court of Connecticut decided it is inappropriate to give instructions on doctrine of superseding cause in cases involving multiple acts of negligence, and further held:

> "Doctrine of superseding cause no longer serves useful purpose in Connecticut's negligence jurisprudence as to situations wherein defendant claims that its tortious conduct is superseded by subsequent negligent act or there are multiple acts of negligence."

The Supreme Court further concluded "superseding cause instructions serve to complicate what is fundamentally a proximate cause analysis."

Plaintiffs respectfully submit that a finding that loss of control of the tractor due to any of the plaintiffs' theories involving the engine brake, causation would be established as a matter of law.

However, the charge on causation, if given, should respectfully follow along the following lines:

The plaintiffs must prove that the defendants' actions or inactions as product sellers was the proximate cause of the death and injuries they suffered.

"Proximate cause," that phrase, simply means substantial factor. Product defect or negligence or breach of the implied warranty of merchantability is a proximate cause of any injury when it is a substantial factor in producing that injury.

To be a substantial factor in producing the injury, product defect, negligence or breach of the implied warranty of merchantability must have entered into the production of the injury as a cause of it. That is, in order to find the defendants liable, you must find that defendants' act or omission must either have caused the injury itself, alone, or it must have materially contributed to it in conjunction with other factors.

This does not meant that the law recognizes only one proximate cause of an injury or damage, consisting only of one factor. On the contrary, many factors may operate at the same time, either independently or together, to cause injury or damage and, in such a case, each may b a proximate cause.

DUTY TO WARN

Plaintiffs object.

The liability of a product seller due to lack of adequate warnings or instructions is governed by Conn. Gen. Stat. §52-572q, and plaintiffs respectfully submit that instructions on duty to warn should follow the statute, and respectfully submits that plaintiffs proposed instructions do.

The applicable Statute states the following:

"(a) A product seller may be subject to liability for harm caused to a claimant who proves by a fair preponderance of the evidence that the product was defective in that adequate warnings or instructions were not provided.

(b) In determining whether instructions or warnings were required and, if required, whether they were adequate, the trier of fact may consider: (1) The likelihood that the product would cause the harm suffered by the claimant; (2) the ability of the product seller to anticipate at the time of manufacture that the expected product user would be award of the product risk, and the nature of the potential harm; and (3) the technological feasibility and cost of warnings and instructions.

(c) In claims based on this section, the claimant shall prove by a fair preponderance of the evidence that if adequate warnings or instructions had been provided, the claimant would not have suffered the harm.

(d) A product seller may not be considered to have provided adequate warnings or instructions unless they were devised to communicate with the person best able to take or recommend precautions against harm."

Statements that any warning can be made bigger or brighter is argumentative, not instructive, nor are proposed instructions that all risks cannot be prevented nor can an accident-free truck be designed.

DUTY TO READ AND HEED INSTRUCTIONS AND WARNINGS

9

Plaintiffs object to this instruction as stated.

Plaintiffs respectfully request that its instruction conform to Conn. Gen. Stat. §52-572q which has been stated above.

## FAILURE TO WARN-CAUSATION

Plaintiffs object to the instruction in its entirety, and, in particular, that "any failure to provide an adequate warning of that danger cannot be the proximate cause of any injury."

The plaintiffs contend that defendants did not give an adequate warning in that it was never disclosed that use of the engine brake on a wet and slippery roadway would lead to irreversible loss of control since jackknifing, once initiated, normally occurs at a rate too rapid for nearly all drivers to control.

Respectfully, the jury should be instructed that if product sellers fail to adequately warn of a product's unreasonably dangerous propensities, under such circumstances, failure to warn by itself, constitutes defect. Sharp v. Wyatt, Inc., affirmed 230 Conn. 12, 644 A.2nd 871.

Questions regarding causal link are jury questions.

Plaintiffs respectfully request that instruction on causation be given in the manner suggested on Page 8 herein.

## TRUCK OPERATOR'S DUTY TO KEEP TRUCK UNDER REASONABLE CONTROL

Plaintiffs object to proposed instruction.

The concluding paragraph that "even if the engine bake was on at the time of the accident and contributed to initial loss of control" the driver's failure to keep control could be found to be the sole proximate cause of the accident is not the law.

Nor is superseding cause in the form defendants are suggesting proper as pointed out earlier herein in Barry v. Quality Steel, *supra*.

10

Nor can there be any apportionment of liability on causes of action based upon strict liability.

The proposed instruction creates the confusion and misunderstanding that the Barry Court seeks to avoid.

## DAMAGES – EARNING CAPACITY

Plaintiff objects to this instruction to the extent that it charges that the jury take into account all the natural incidents of life that could decrease Thor Svege, Sr.'s life expectancy which is the very event that has occurred.

Furthermore, it does not, in speaking of discounting to present value, include that the jury can take into account inflation as a consideration as a factor increasing the present value to determine damages. Chase v. Fitzgerald, 132 Conn. 470.

Furthermore, plaintiffs request that an instruction be given that an economist is entitled to rely upon averages to make his calculations. Mather v. Griffen Hospital, 207 Conn. 125 (1988).

Plaintiffs specifically object to the last paragraph (Page 26) of defendants' proposed instruction.

## CALCULATION OF DAMAGES – PRESENT VALUE OF LOSS EARNINGS

Plaintiffs objections have been previously stated above.

## DAMAGES – SPECULATION

Plaintiffs object to this instruction.

Plaintiffs' economic expert has not based his opinions on speculation.

## DAMAGES – SYMPATHY

Plaintiff objects to this instruction as it is basically a repeat of defendants' first proposed instruction – Jury's duty to be impartial to all parties.

11

Again, the instruction is unbalanced and unfairly stresses that corporations are entitled to special consideration in the instruction on sympathy as against other persons or entities.

Furthermore, there is no basis to repeat and highlight one instruction over the other.

PUNITIVE DAMAGES

Plaintiffs only objection is that the instruction is limited in that plaintiffs must prove that the wrong done her arose from the defendants' reckless disregard for the safety of the product users who were injured by the product, and not plaintiffs, who were members of the motoring public.

        Respectfully submitted,

        Plaintiffs: Alice G. Svege,
        Administratrix of The Estate
        of Thor Svege, Sr. and Alice G. Svege, as
        guardian of the Estate of Minor Children,
        Thor Svege, Jr. and Brianna Svege

        By: _____
        LEO GILBERG, ESQ.
        305 Broadway
        New York, New York 10007
        212-822-1440
        Federal Bar No. CT22824

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent on this date by FACSIMILE to the following:

Judge Mark R. Kravitz
U.S. District Court: District of Connecticut
141 Church Street
New Haven, CT 06510

Paul E. Williams, Esq.
Day, Berry & Howard, LLP
City Place I
Hartford, CT 06095

THIS IS TO FURTHER CERTIFY that the original of the above will be filed with the Clerk of the Court on July 29, 2004.

LEO GILBERG, ESQ.