UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civ. No. 3:01cv1771 (MRK) |
| : | |
| MERCEDES-BENZ CREDIT CORP., ET AL., : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF DECISION**

The issue presently before the Court arises from Plaintiffs' objection in the Joint Trial Memorandum [doc. # 148] ("Trial Mem.") to Defendants' proposed Exhibits ## 561 and 562, which are Plaintiffs' complaints in prior litigation against parties other than Defendants based on the same events that give rise to this action. Trial Mem. at 38-39. Defendants in this case argue that they should be allowed to present to the jury at the trial of this case the previous complaints on the ground that those complaints constitute evidentiary admissions that are relevant to Plaintiffs' theory of liability in the present case. The Court disagrees with Defendants for the reasons provided below, and will preclude evidence of Plaintiffs' complaints in the other actions.

The factual background in the above-captioned matter was previously set forth in the Court's Ruling on Mercedes-Benz Credit Corp.'s Motion to Dismiss [doc. # 48], *see Svege v. Mercedes Benz Credit Corp.*, 182 F. Supp. 2d 226 (D. Conn. 2002), familiarity with which is presumed. In this case, Plaintiffs sue the manufacturer and seller of a Freightliner truck that collided with the Plaintiffs' vehicle, claiming that the truck was unreasonably dangerous and defective and that Defendants were negligent in the manufacture and design of the truck and in

the warnings and instructions that Defendants provided. In this action, Plaintiffs pursue claims for strict tort, negligence, and implied warranty against Defendants. Before filing this action, Plaintiffs also filed a complaint in the District of Connecticut against the driver of the truck and the owner of the truck. *See Dyer v. Wightman, Four Trucking, and Hensley Industries, Inc.*, No. 00 CV 1440 (JBA), Ex. 562. In *Dyer*, Plaintiffs alleged that the driver and owner of the truck were negligent and that their negligence caused the collision. The *Dyer* case was ultimately settled. Plaintiffs also filed suit in the Court of Common Pleas, Chester County, Pennsylvania against Crisdel Group for, among other things, failure to prevent the presence of slippery substance(s) on the road where the Freightliner truck lost control, as well as against Interstate Safety Systems, Inc., for allegedly selling to the Commonwealth of Pennsylvania Turnpike Commission defective side barriers and guide rails. *See Thor S. Svege Jr. v. Crisdel Group, Inc.*, Ex. 561. The *Crisdel* case was dismissed on the basis of governmental immunity.

The Second Circuit has yet to address the issue of the admissibility at trial of other complaints filed by plaintiffs against separate defendants based on alternative theories of liability. Several other circuits and many commentators have addressed this question, and the Court looks to those decisions and commentaries for guidance in the present case. As a general rule, of course, a party's pleadings are admissible as admissions, either judicial or evidentiary, as to the facts alleged in that pleading. *See E. Natural Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 1002 (7th Cir. 1997) ("[P]rior pleadings . . . are admissible in a civil action as evidentiary admissions."); *cf. U.S. v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("A party [] cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the

2

trier of fact will never learn of the change in stories."). However, in view of the provisions of the Federal Rules of Civil Procedure allowing liberal pleadings and inconsistent pleadings, federal courts have long recognized a "necessary exception to the general rule." *Cont'l Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971). There is thus "ample authority that one of two inconsistent pleas cannot be used as evidence in the trial of the other." *Id.*

This position, or nondispositive variations on it, has been adopted by several other circuits, often in the context of cases involving personal injury or product liability claims. *See, e.g., Oki America, Inc v. Microtech Int'l, Inc.,* 872 F.2d 312, 314 (9th Cir. 1989); *Garman v. Griffin*, 666 F.2d 1156, 1159 (8th Cir. 1981). Moreover, most treatises on federal evidence also recognize this principle. Thus, Wright & Miller states, "Since the purpose of alternative pleading is to enable a party to meet the uncertainties of proof, policy considerations demand that alternative pleadings not be admitted either as an admission of a party-opponent or for purposes of impeachment." 30B CHARLES A. WRIGHT & ARTHUR R. MILLER & MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 7026 (interim ed. 2000). Similarly, McCormick states that the modern trend is to "expand the application of the exception" to "cases involving separate actions against different defendants to recover for the same injury. The trend is consistent with the prevailing view that the primary purpose of pleadings is to give notice and that alternative or hypothetical allegations are not usable as admissions. . ." MCCORMICK ON EVIDENCE § 262 (5th ed. 2003); *see* CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, 4 FEDERAL EVIDENCE § 425 (2d ed. 1994**)**; *see also Lytle v. Stearns*, 250 Kan. 783, 794-800 (Kan. 1992); *but see Ferreira v. Pringle*, 255 Conn. 330, 345-46 (2001) (allegations in complaint filed against defendants in separate suit arising from same course of conduct are admissible as judicial

admissions); *see also Strom v. Curtis*, No. CV000092123S, 2002 WL 31662356, at *4 (Conn. Super. Ct. Nov. 6, 2002) ("Statements in a prior complaint may be considered as evidential admissions by the party making them.").

The Court will follow this trend and sustain the objection to the *Dyer* and *Crisdel* complaints. The Court does so in large measure because to allow these pleadings into evidence would penalize Plaintiffs for availing themselves of the opportunity expressly provided by the Federal Rules to plead inconsistent theories. *See Cont'l Ins. Co. of New York*, 439 F.2d at 1298 n. 3; *see also Giannone v. U. S. Steel Corp.*, 238 F.2d 544, 548 (3rd Cir. 1956). Notably, Plaintiffs complaints were filed at the outset of those actions, before discovery and before any adjudication of the claims asserted. Moreover, neither the *Dyer* nor *Crisdel* complaints contain factual allegations regarding the conduct of either Plaintiffs or Defendants in this case. If the complaints contained factual allegations regarding the conduct of Plaintiffs or Defendants, that would present a very different circumstance and the Court might well permit Defendants to use the complaints as evidence in this case.

Defendants rightly express concern that excluding the complaints from this action permits sharp practice, whereby a plaintiff sues multiple defendants for the identical injury and then proceeds to collect from each one, safe in the knowledge that the jury in one case will never know what the plaintiff has plead in another case. The Court shares Defendants' concern. However, this is not a case where the pleadings in the actions are necessarily factually inconsistent; that is, even if the driver were negligent, plaintiffs might still be able to recover from the manufacturer under strict tort for an unreasonably dangerous design or for a failure to warn. *See*, *e.g., Dugan v. EMS Helicopters, Inc.*, 915 F.2d 1428, 1433 (10th Cir. 1990) (prior

4

pleading admissible on the ground that plaintiffs' ancillary complaint was factually inconsistent with their position in *Dugan*); *Mitchell v. Freuhauf Corp.*, 568 F.2d 1139, 1147 (5th Cir. 1978) (observing that the prior suit was based on negligence, which was not inconsistent with the theory of recovery in the *Mitchell*, in which the theory of liability was product liability). Moreover, in view of the Federal Rules' allowance of inconsistent pleadings, the Court believes that Rule 11 is a more appropriate mechanism for policing sharp practice than admitting the *Dyer* and *Crisdel* complaints into evidence in this case.

     Even if the complaints were otherwise admissible, the Court would nonetheless exercise its discretion to exclude them under Fed. R. Evid. 403 on the ground that their probative value is outweighed by their prejudicial effect. *See Vincent v. Louis Marx & Co.*, 874 F.2d 36, 41 (1st Cir. 1989) (remanding to district court for reconsideration of admission of prior pleading with instruction to conduct Rule 403 balancing of the probative value of admission against its potential prejudicial effect). Given the fact that the complaints were just that – that is, complaints filed at the outset of an action before discovery and adjudication – the rules permit inconsistent pleadings, and the complaints are not necessarily factually inconsistent with Plaintiffs' products liability claims in this case, the Court believes that the probative value of the complaints is low. Balanced against the low probative value is the likelihood that the complaints will confuse the jury and invite them to speculate about the resolution of those other actions and how those resolutions should affect their decision making in this case. *See Cont'l Ins. Co.*, 439 F.2d at 1299 (holding that district court committed prejudicial error, necessitating a new trial, by admitting as an admission defendant's cross-claim against party from which it sought

indemnification).[1]

On balance, then, the Court concludes that the prejudicial effect of admitting the complaints outweighs their probative value. *See, e.g., Wilson v. Bradlees of New England*, 250 F.3d 10, 17 (1st Cir. 2001); *Estate of Spinosa*, 621 F.2d 1154, 1157 n. 2 (1st Cir. 1980) (commenting that, under a Rule 403 balancing, admission of prior pleadings that were not inconsistent with the pleading in the subsequent pending case would potentially prejudice the jury, and that the district court thereby did not commit reversible error in excluding the evidence). The prior complaints, listed as Exhibits ## 561, 562, are therefore not admissible as evidence at the trial.

                                                                       IT IS SO ORDERED.

/s/     Mark R. Kravitz
        United States District Judge

Dated at New Haven, Connecticut: August 6, 2004.

---

[1] While the Fifth Circuit's ground for reversal specifically involved a cross-claim in the nature of a third-party claim, the court premised its reversal on the broader concerns raised by admitting into evidence as admissions inconsistent pleadings filed in another, or even the same, action. *See Cont'l Ins. Co.,* 439 F.2d at 1298. The potential prejudice included the possibility that the jury would draw adverse inferences based on the separate pleadings. *Id.*