Service: **Get by LEXSEE®**
Citation: **2000 Conn. Super. LEXIS 2498**

*2000 Conn. Super. LEXIS 2498, \**

Glenn Walden et al. v. Service Merchandise et al.

CV 000070248S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF ANSONIA - MILFORD, AT MILFORD

2000 Conn. Super. LEXIS 2498

September 21, 2000, Decided
September 21, 2000, Filed

**NOTICE:** [\*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Based upon the foregoing, the defendant's motion to strike that portion of the plaintiffs' prayer for relief that requests attorneys fees and punitive damages is granted.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendants moved to strike that portion of plaintiffs' prayer for relief that requested punitive damages and attorney fees in plaintiffs' product liability claim against defendants.

**OVERVIEW:** Plaintiffs had sued defendants, alleging product liability. Defendants moved to strike that portion of plaintiffs' prayer for relief that requested punitive damages and attorney fees. The court granted the motion to strike. Under Conn. Gen. Stat. § 52-240b, for punitive damages plaintiffs had to allege, but failed to allege, specific facts to show that defendants' acts were done with a reckless indifference to the interests of others, and attorney fee requests were to be properly brought after presentation of evidence after an allegation that defendants' defenses were frivolous.

**OUTCOME:** The motion to strike was granted. For punitive damages plaintiffs had to allege, but failed to allege, specific facts to show that defendants' acts were done with a reckless indifference to the interests of others. The attorney fee request was to be properly brought after presentation of evidence after an allegation that defendants' defenses were frivolous.

**CORE TERMS:** punitive damages, product liability, legally insufficient, judicial district, users, motion to strike, frivolous, presentation of evidence, reckless disregard, disregarded, recklessly, opposing, prayer, seller

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike 

**HN1** The court has the discretion to address the merits of a motion, despite a party's failure to file an opposing memorandum of law, where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the rules of practice. More Like This Headnote

Torts > Damages > Punitive Damages

**HN2** In product liability actions, punitive damages may be awarded if the claimant proves that the harm suffered is the result of the product seller's reckless disregard for the safety of product users, consumers or others who are injured by the product. Conn. Gen. Stat. § 52-240b. In order to survive a motion to strike a claim for punitive damages based on § 52-240b, the allegations of the complaint must allow for the presentation of facts necessary to show a reckless disregard for the safety of product users. The mere use of the word "reckless" in a pleading is insufficient to raise an actionable claim without some factual allegations in support thereof. To satisfy a claim of recklessness, the defendant's acts must be alleged to be done with a reckless indifference to the interests of others. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Attorney Fees
Torts > Damages > Costs & Attorney Fees

**HN3** If the court determines that the claim or defense is frivolous, the court may award reasonable attorneys fees to the prevailing party in a products liability action. Conn. Gen. Stat. § 52-240a. The proper way to request a claim for attorneys fees is by motion for award of attorneys fees, following the parties' presentation of evidence, based on a claim that the party's cause of action or defense is frivolous. More Like This Headnote

Civil Procedure > Costs & Attorney Fees > Attorney Fees
Torts > Damages > Costs & Attorney Fees

**HN4** In a product liability action, a request for attorney fees is properly brought following the presentation of evidence. More Like This Headnote

**JUDGES:** Grogins, J.

**OPINIONBY:** Grogins

**OPINION:** MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 108

On June 16, 2000, the plaintiffs, Glen R. Walden and Brenda R. Walden, filed a three-count amended complaint against the defendants, Service Merchandise Company, Inc. (Service Merchandise) and Beldare Enterprises, Inc. (Beldare). In the first count, the plaintiffs assert a product liability claim against Service Merchandise. In the second and third counts, the plaintiffs assert product liability and loss of consortium claims, respectively, against Beldare.

Beldare now moves to strike that portion of the plaintiffs' prayer for relief that requests punitive damages and attorneys fees. The plaintiffs did not file a memorandum of law in opposition to the motion, as required by Practice Book 10-42. Nevertheless, the court will exercise its discretion and address **[*2]** the motion on its merits. n1 See *Brouillard v. United Illuminating Co.,* 1999 Conn. Super. LEXIS 1754, Superior Court, judicial district of New Haven at New Haven, Docket No. 418595 (June 1, 1999) (Silbert, J.) (holding that

*HN1* the court has the discretion to address the merits of a motion despite a party's failure to file an opposing memorandum of law, where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the rules of practice).

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 On July 24, 2000, the plaintiffs filed an objection to the motion to strike in which they withdrew their claims for attorneys fees and punitive damages, to the extent that they were premature. The plaintiffs also attempted to reserve their right to pursue such claims in the future, if deemed appropriate.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

A

Punitive Damages

The defendant moves to strike the plaintiffs' punitive damages claim on the ground that it is legally insufficient. The defendant argues that in product liability actions, punitive damages are awarded only if [*3] the plaintiffs plead and prove that the product seller recklessly disregarded the safety of product users.

*HN2*
In product liability actions, "Punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the Product." General Statutes 52-240b. " 'In order to survive a motion to strike a claim for punitive damages based on . . . 52-240b, the allegations of the complaint must allow for the presentation of facts necessary to show a reckless disregard for the safety of product users.' . . . The mere use of the word 'reckless' in a pleading is insufficient to raise an actionable claim without some factual allegations in support thereof . . . 'To satisfy a claim of recklessness, the defendant's acts must be alleged to have been done with a reckless indifference to the interests of others.' " (Citations omitted.) _DuJack v. Brown & Williamson Tobacco Corp._, 2000 Conn. Super. LEXIS 379, Superior Court, judicial district of Windham at Putnam, Docket No. 060703, 26 CONN. L. RPTR. 620 (February 16, 2000) (Sferrazza, J.).

In the present case, the plaintiffs' amended complaint [*4] fails to allege that the defendant recklessly disregarded the safety of its product users. See _DuJack v. Brown & Williamson Tobacco Corp. supra,_ 2000 Conn. Super. LEXIS 379, Superior Court, Docket No. 060703. Therefore, the plaintiffs' claim for punitive damages is legally insufficient.

B

Attorneys Fees

The defendant moves to strike the plaintiffs' claim for attorneys fees on the ground that it is legally insufficient The defendant argues that in product liability claims, attorneys fees are awarded only if its defenses are frivolous. Moreover, the defendant argues that attorneys fees are awarded post-judgment.

"*HN3* If the court determines that the claim or defense is frivolous, the court may award reasonable attorneys fees to the prevailing party in a products liability action." *General Statutes 52-240a*. "The proper way to request a claim for attorneys fees is by motion for award of attorneys fees, following the parties' presentation of evidence, based on a claim that the party's cause of action or defense was frivolous." *McCurry v. Home Depot, Inc., 1994 Conn. Super. LEXIS 2231,* Superior Court, judicial district of Waterbury, Docket No. 120316, 12 CONN. L. RPTR. 370 (September 7, 1994) (Sylvester, J.); see also *Pontillo [*5] v. West Farms Associates, 1994 Conn. Super. LEXIS 911,* Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 360344, 11 CONN. L. RPTR. 329 (April 13, 1994) (Aurigemma, J.).

Here, the plaintiffs' amended complaint does not contain allegations that the defendant's defenses are frivolous. See *McCurry v. Home Depot, Inc., supra, 1994 Conn. Super. LEXIS 2231,* Superior Court Docket No. 120316. Moreover, *HN4* in a product liability action, a request for attorneys fees is properly brought following the presentation of evidence. See *id*. Therefore, the court finds that the plaintiffs' claim for attorneys fees is legally insufficient.

CONCLUSION

Based upon the foregoing, the defendant's motion to strike that portion of the plaintiffs' prayer for relief that requests attorneys fees and punitive damages is granted.

The Court

By Grogins, J.

Service: **Get by LEXSEE®**
Citation: **2000 Conn. Super. LEXIS 2498**
View: Full
Date/Time: Monday, August 9, 2004 - 3:39 PM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⚠ - Caution: Possible negative treatment
- ✦ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.