UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL. | : | NO. 3:01 CV 01771 (MRK) |
| Plaintiffs, | : | |
| VS. | : | |
| MERCEDES-BENZ CREDIT CORPORATION, ET AL. | : | |
| Defendants. | : | AUGUST 13, 2004 |

## DEFENDANTS SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 50 MOTION FOR A DIRECTED VERDICT

Defendants respectfully submit this Supplemental Memorandum of Law in support of their Motion for a Directed Verdict under Rule 50(a)(1).

Plaintiffs allege that Defendants did not perform adequate testing on the engine brakes of trucks such as the tractor trailer involved in the accident that gave rise to this cause of action. Defendants respectfully submit that, even if that were true, lack of testing could not have caused the accident that gave rise to this litigation. Testing can have a causal connection to this accident only if it could reasonably be found that this accident would not have occurred if Defendants had done more testing of the engine brake on wet or slippery pavements. This, in turn, can only be true if it could reasonably be found that, if more such testing had been done, Defendants would have either implemented a design change or added more stringent warnings.

It is respectfully submitted that Plaintiffs have failed to offer evidence upon which the jury could reasonably make such a finding. If testing produced additional evidence that the use of the engine brake on wet or slippery pavement could cause loss of control, the warning given by Freightliner would not have become broader, because Freightliner already advises against any

use of the engine brake on wet or slippery pavement. Thus, Freightliner already takes the most conservative approach to warnings that testing could possibly justify.

Similarly, Plaintiffs have failed to offer evidence upon which the jury could reasonably find that, if more testing had been done, Freightliner would have implemented the service brake option. It is undisputed that the primary safety feature of the engine brake is that it prevents excessive wear on the service brake, which can result in overheating, brake fade, and runaway trucks. It is also undisputed that the service brake option would require use of the service brake in order to activate the engine brake, thus undermining the primary safety advantage of the engine brake.

For these reasons, and for the reasons set forth in Defendants' Rule 50 motion, Defendants respectfully submit that there is no evidence upon which the jury could reasonably find that failure to do adequate tests of engine brake operation on wet or slippery surfaces was a proximate cause of the Plaintiffs' injuries. Defendants respectfully submit that they are therefore entitled to judgment as a matter of law on the Plaintiffs' claim of negligence due to failure to test. Consequently, for these reasons, and for the reasons set forth in Defendants' Rule 50 motion, Defendants respectfully submit that they are entitled to judgment as a matter of law on each claim made against them by Plaintiffs.

           Respectfully submitted,

           DEFENDANTS,
           FREIGHTLINER CORPORATION,
           MERCEDES-BENZ CREDIT
           CORPORATION, and
           DETROIT DIESEL CORPORATION


          By_____
           Paul D. Williams (ct05244)
           Daniel J. Foster (ct24975)
           Day, Berry & Howard LLP
           CityPlace I
           Hartford, Connecticut 06095-3499
           (860) 275-0100
           (860) 275-0343 (fax)
           Their Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was hand delivered on this date to:

Leo Gilberg, Esq.
Counsel for Plaintiffs


          _____
          Daniel J. Foster