UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALICE G. SVEGE, ADMINISTRATRIX, ET AL. : CIVIL NO. 3:01 CV 01771 (MRK)

Plaintiffs,

-vs-

MERCEDES-BENZ CREDIT CORPORATION, ET AL.

: September 21, 2004

Defendants.

**PLAINTIFFS' REPLY MEMORANDUM**
**TO DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' RULE 59 MOTION**

The Jury found that the defendants failed "to adequately warn and instruct that the use of the engine brake on a wet and slippery roadway could lead to loss of control."

The premise of the defendants' Memorandum that it is possible for an engine brake to cause loss of control under some circumstances but did not cause loss of control in this case is against the weight of the credible evidence.

The subject accident involved some of the most extreme wet weather conditions one could encounter. If an engine brake induced loss of traction could not occur under these conditions with 8.6 inches of recorded rain on the day of the accident, according to Trooper Long, then it is unlikely that it could happen under any wet conditions, and therefore, all the references in evidence that say loss of traction and loss of control can occur in wet weather, including the FDL Driver's Manual and Jacobs Professional Driver Techniques Manual, would have to be wrong.

The fact is that all the elements required to have a jackknifing caused by engine braking were present and the subject driver offered a "textbook" description of what occurs during wet-weather engine-brake induced jackknife.

The Jury's finding negates any contention by the defendants that the engine brake was not on.

The Jury's finding that defendants' negligence in failing to adequately warn and instruct that the use of the engine brake on a wet and slippery roadway can lead to loss of control was, in itself, a but-for-cause finding of the plaintiffs' death and injuries.

The harm that occurred to plaintiffs due to loss of control was of the same general nature that the Jury found the defendants' negligently failed to adequately warn of.

The finding by the Jury that this negligence was not a proximate cause or a substantial factor in causing the harm which befell plaintiffs is against the weight of evidence.

Plaintiffs' Rule 59 contentions as to the Jury's finding of no proximate cause yet finding the defendants negligent for failing to test has been set forth in the initial motion and will not be repeated herein.

## CONCLUSION

**THE VERDICT IN FAVOR OF THE DEFENDANTS SHOULD BE SET ASIDE AS AGAINST THE WEIGHT OF EVIDENCE AND A NEW TRIAL ORDERED**

Respectfully submitted,

Plaintiffs: Alice G. Svege,
Administratrix of The Estate
of Thor Svege, Sr. and Alice G. Svege, as
Guardian of the Estate of Minor Children,
Thor Svege, Jr. and Brianna Svege

By: ______________________

LEO GILBERG, ESQ.
305 Broadway, 7th Floor
New York, NY 10007
212-822-1440
Federal Bar No. CT22824

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent on this date by FED EX to the following:

Judge Mark R. Kravitz
U.S. District Court: District of Connecticut
141 Church Street
New Haven, CT 06510

Paul E. Williams, Esq.
Day, Berry & Howard, LLP
City Place I
Hartford, CT 06095

Clerk
U.S. District Court: District of Connecticut
141 Church Street
New Haven, CT 06510

LEO GILBERG, ESQ.