UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALICE G. SVEGE, ADMINISTRATRIX, ET AL.    :    CIVIL NO. 3:01 CV 01771 (MRK)

Plaintiffs,    :

-vs-    :

:

MERCEDES-BENZ CREDIT CORPORATION,    :
ET AL.

:    October 7, 2004

Defendants.    :

## OBJECTIONS TO DEFENDANT'S
## BILL OF COSTS

### GENERAL OBJECTIONS

A.    Plaintiffs object to defendants filing at this time as the District Court judgment

has not yet become final since the time in which to appeal has not expired.  (Local Rule 54(b)1).

B.    Although the conclusory statement in the application to tax costs "that the fees

charged in the Bill of Costs are accurate and correct and represent costs that necessarily were

incurred by defendants in defending against the plaintiffs' claims" may be sufficient if not

objected to, such evidence is insufficient and does not meet the burden of proof either as to

necessity or reasonableness of these claimed costs, when and where they were incurred and

prejudices plaintiffs in their ability to fully and accurately respond to this application.

(Berryman v. Hofbauer, E.D. Mich. 1995, 161 F.R.D. 341).

Submission of claims for significant taxable costs against the parties in interest, namely,

two minor children, should have prompted an evidentiary submission without waiting for an

objection.

## SPECIFIC OBJECTIONS

Specifically, plaintiffs object to the prevailing partys' seeking taxable costs for fees paid to its own expert witnesses.

In this regard, plaintiffs object under "4. Fees for Witnesses" to:

| | | |
|---|---|---|
| 4(i). | William Howerton Deposition Preparation Fee…….....…….$ 3,250.00 | |
| 4(k). | Norris Hoover Deposition Preparation Fee……………...….$ 375.00 | |
| 4(l). | William Howerton Deposition Preparation Fee…………….$ 3,750.00 | |
| 4(m). | Norris Hoover Deposition Preparation Fee……………...….$ 1,066.95 | |

Crawford Fitting Co. v. J.T. Gibbons Inc., 482 U.S. 437 (1987), holds "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit §1821(b), absent contract or explicit statutory authority to the contrary." See also, West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83; U.S. v. Merritt Merdian Const. Corp., 95 F.3rd 153 (2nd Cir., 1996), holding "the district court was clearly correct in denying expert witness fees. We are at a loss to see how Evergreen could seek them" in light of Crawford and West Virginia, *supra*; Jarvis v. Ford Motor Co., S.D.N.Y., 2003, 2003 WLI48370 Unreported; Local rule 54(c)7.(vii).

Plaintiffs also specifically object under "4. Fees for Witnesses" to attendance fees for the following:

| | | |
|---|---|---|
| 4(a). | John Glennon Jr. Deposition Attendance Fee…………….$ 800.00 | |
| 4(b). | Timothy Markley Deposition Attendance Fee…………….$ 450.00 | |
| 4(c). | Gary M. Crakes Deposition Attendance Fee…………….$ 450.00 | |
| 4(d). | Eric Svege Deposition Attendance Fee…………………….$ 50.00 | |
| 4(e). | William Von Ahn Deposition Attendance Fee…………….$ 50.00 | |

4(f).   Corporal Timothy Markley Deposition Attendance Fee....$   42.65

4(g).   Trooper Martin C. Long Deposition Attendance Fee.......$   79.54

4(h).   John C. Glennon, Jr. Deposition Attendance Fee...........$   380.00

4(j).   John C. Glennon, Jr. Deposition Attendance Fee.......... $1,900.00

The allowable witness fee specified in 28 U.S.C. §1920(3) is defined in 28. U.S.C. §1821, and the above submitted attendance fees for depositions are in excess of the statutory limits and are not taxable.  (Rule 54(c) 4(i).

With reference to non-party Timothy Markley, there is a duplication of attendance fees, one for $450.00 and one for $42.65 or one is for service of process fees for discovery subpoenas.

Pursuant to Local Rule 54(c) 7(ii), service of process fees for discovery subpoenas are not taxable as costs.

Upon information and belief, and without any submitted documentation, the attendance fees for Eric Svege and William Von Ahn, to the extent such fees represent discovery subpoenas are not taxable.

Plaintiffs further object specifically to trial attendance fees and subsistence under 4(n), (o), and (p) of defendants' expert witnesses.

William Howerton testified on two (2) days, August 10 and 11, 2004.  Donald Barnes testified on August 11, 2004 only for one day.

Bruce Koepke testified on August 12 and 13, 2004.

The disparity between the travel and subsistence expenses of the witnesses cannot be properly addressed without supporting documentation.

3

Plaintiffs object to attendance fees, travel expenses, and subsistence of 4(o) - Don Barnes and 4(p) – Bruce Koepke as being items not taxable as costs under 54(c) 7(vi), as fees of a named party to the action.

Both Mr. Barnes and Mr. Koepke are paid employees of defendant Freightliner Corporation who attend and testify in lawsuits on behalf of Freightliner as a function of their employment and did so in this case.

To the extent that their travel and subsistence is paid for by Freightliner, these are fees of a party to the action and not taxable costs.

Plaintiffs also object to 4(n), (o), and (p) pursuant to Crawford and West Virginia, *supra*.

To the extent that plaintiffs have no way of knowing, without supporting documentation, which, if any, of the fees of the court reporter under No.2 of the defendant's Bill of Costs are costs of an expedited transcript produced for the convenience of counsel, which are not taxable costs, plaintiffs object pursuant to Rule 54(b) to protect their rights subject to evidentiary verification by the prevailing parties.

Upon information and belief, expedited transcripts were ordered by the defendants.

More specifically, plaintiffs object to 2(b) and (c) regarding court reporter fees of Thomas Dyer, who was only deposed on one occasion in this case, not twice, as well as 2(a) and (r) regarding Scottie Wightman who was also only deposed on one occasion in this case, yet two separate court reporter fees are submitted.

Plaintiffs object to 2(w) and (x) to the extent that they may reflect testimony of John Glennon, Jr. in other cases, not this one, which were obtained for convenience of counsel and not utilized at trial.

4

Plaintiffs object to "1. Fees of Clerk and Marshall" since without documentation, it would appear 1(b), 1(c), and 1(d), would be service of process fees for discovery subpoena of non-party witnesses not taxable under local Rule 54(c) 7(ii).

1(a).    G. Holman is unrecognizable to the undersigned as anyone involved in this lawsuit.

1(e).    Agostinho Ribeiro is an attorney in Danbury, Connecticut, who represents no party in this lawsuit, but did represent Tom Dyer at his deposition. The undersigned is unaware that Mr. Ribeiro was the subject of fees by the Clerk or Marshall.

Plaintiffs respectfully request to amend and/or supplement these objections upon receipt of evidentiary documentation of the fees enumerated in defendants' Bill of Costs.

Respectfully submitted,

Plaintiffs:  Alice G. Svege,
Administratrix of The Estate
of Thor Svege, Sr. and Alice G. Svege, as
Guardian of the Estate of Minor Children,
Thor Svege, Jr. and Brianna Svege


By
LEO GILBERG, ESQ.
305 Broadway, 7th Floor
New York, NY  10007
212-822-1440
Federal Bar No. CT22824