UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICE G. SVEGE, ADMINISTRATRIX, ET AL. | : | CIVIL NO. 3:01 CV 01771 (MRK) |
| Plaintiffs, | : | |
| -vs- | : | |
| MERCEDES-BENZ CREDIT CORPORATION, ET AL. | : | |
| | : | December 1, 2004 |
| Defendants. | : | |

## OBJECTIONS TO DEFENDANT'S AMENDED BILL OF COSTS

### GENERAL OBJECTIONS

The defendants' previous submission of its Bill of Costs was denied without prejudice to renewal upon the submission of supporting documentation.

The conclusory statement in this amended application to tax costs "that the fees charged in the Amended Bill of Costs are accurate and correct and represent costs that necessarily were incurred by defendants in defending against the plaintiffs' claims" are not borne out by review of this submission.

Clearly, the arithmetic alone is inaccurate.

The "Total Bill of Costs" of $32,515.63 as certified by counsel is clearly inaccurate or mistaken as the total submitted proposed taxable costs, even if they were not being challenged as, in fact, they are, add up to $27,051.17.

Furthermore, evidence of payment of the costs in defendants' Exhibits 1 through 4 is insufficient, there being, with a few exceptions, no proof that payments were made.

For example, under "<u>4. Fees of Witnesses</u>", the claim under "<u>(h) William Howerton Deposition Attendance Fee - $1,850.00</u>" as an incurred expense of defendants', is clearly not the case.

This fee of $1,850.00 was paid by plaintiff along with travel expenses of $63.55 for a total of $1,913.55.

Mr. Howerton was a defense expert witness who was deposed by plaintiff. Annexed as Exhibit A is a copy of the complete invoice and copy of the cancelled check of plaintiff's attorney showing payment in full to Mr. Howerton's company, Scientific Boston Inc.

Plaintiff therefore objects to the documentation and evidence submitted as being unreliable and lacking proof of payment, and defendants' amended submission does not meet the burden of proof required. (<u>Berryman v. Hofbauer</u>, E.D. Mich. 1995, 161 F.R.D. 341).

Submission of claims for significant taxable costs against the parties in interest, namely, two minor children, should require an appropriate evidentiary submission even if there was no objection.

It is respectfully submitted that defendants' Amended Bill of Costs should be rejected.

### **SPECIFIC OBJECTIONS**

Plaintiffs specifically object under "<u>4. Fees for Witnesses</u>" to attendance fees for the following:

    4(a).   John Glennon Jr. Deposition Attendance Fee……………..$ 1,180.00

    4(b).   Timothy Markley Deposition Attendance Fee……………$ 450.00

    4(c).   Gary M. Crakes Deposition Attendance Fee……………..$ 450.00

    4(d).   Eric Svege Deposition Attendance Fee…………………..$ 50.00

    4(e).   William Von Ahn Deposition Attendance Fee……………$ 50.00

| | | |
|---|---|---|
| 4(f). | Samuel Sero Deposition Attendance Fee | $ 2,025.00 |
| 4(g). | John C. Glennon, Jr. Deposition Attendance Fee...... | $ 1,900.00 |
| 4(i). | David Clement Deposition Attendance Fee......... | ...$ 1,250.00 |
| 4(j). | Betty Flynn Deposition Attendance Fee......... | .. $   95.00 |

The allowable witness fee specified in 28 U.S.C. §1920(3) is defined in 28. U.S.C. §1821, and the above submitted attendance fees for depositions are in excess of the statutory limits and are not taxable. (Rule 54(c) 4(i)).

Local Rule 54(c)4(i) states in part:

"Fees for expert witnesses are taxable at the same rates as any other witness. Any amounts in excess of the statutory limits are not taxable.

As well, under "7. Items not taxable as Costs", states: "(vii) Compensation for an expert witness in excess of statutorily allowed limits."

Furthermore, as referenced under 4(b), Timothy Markley is a police officer who appeared pursuant to a subpoena and there is no explanation why he received additionally $450.00 to appear.

Plaintiffs specifically object under "4. Fees of the Clerk and Marshall" to items designated (a) through (h).

As can be seen by documentation submitted by defendants under Exhibit 1(a) through (h), the amounts being submitted as taxable costs are service or process fees for discovery subpoenas.

Pursuant to Local rule 54(c) 7(ii), service of process fees for discovery subpoenas are not taxable as costs.

Plaintiffs specifically object under "2. Fees of Court Reporter" pursuant to Local Rule 54(c) 7(iv) to costs of any expedited transcript produced for the convenience of counsel.

Exhibit 2 specifically references the following reporter costs as being for expedited transcripts:

| | | | |
|---|---|---|---|
| (j) | David Clement | ($968.59 + 58.12 tax) | $ 1,026.71 |
| (v) | Timothy Markley | | $ 1,427.05 |
| (w) | Martin Long | | $ 1,427.05 |

With regard to (vi) Markley and (w) Long, it is not clear how the amounts attributed to the cost was arrived, as my records indicate that the Markley deposition was 130 pages and the Long deposition was 191 pages.

Furthermore, the amounts included items which are not taxable costs and should not be included in the submitted amounts such as condensed transcript, files provided on CD Rom, E-transcript/ASCII Disk, color copies of exhibits and exhibits scanned to CD ROM. Defendant has failed to provide complete documentation of the costs of Markley and Long deposition and seek to charge plaintiffs for costs which are not taxable.

With reference to "(p) John Glennon, Jr. -- $1,732.15", upon information and belief, this was an expedited transcript, although not specifically labeled since the number of pages of the transcript was only 206.

Plaintiffs further object to each deposition cost that charged for a condensed transcript which would not be taxable under Rule 54(c) 7(iii) as being in excess of an original and one copy.

Plaintiffs furthermore object to court reporter fees submitted as follows:

| | | |
|---|---|---|
| (o) | Scottie Wightman (video deposition) | $ 202.80 |

4

| | | | |
|---|---|---|---|
| (t) | John Glennon, Jr. (prior deposition testimony) | | $ 75.80 |
| (u) | John Glennon, Jr. (prior trial testimony) | | $ 465.00 |

The above are depositions of the witness taken in other cases, not this one, in which plaintiff did not participate, were never used or referred to at trial, and were obtained by defendants' counsel for his convenience and as part of defendants' investigation and are not taxable under 7(ix).

Plaintiffs object to items indicated under "3. Cost of Photographs", as follows:

| | | |
|---|---|---|
| (b) | PPI Photographics | $ 188.15 |
| (c) | PPI Photographics | $ 411.58 |

As can be seen under Exhibit 3, the bills for the above are not directed to defendants' counsel but to attorneys in Philadelphia who are not involved in the subject lawsuit, and have never represented the defendants.

There is no further documentation submitted.

Plaintiffs further specifically object under "<u>4. Fees for Witnesses</u>" to the following:

Plaintiffs object to attendance fees, travel expenses, and subsistence of 4(l) – Don Barnes and 4(m) – Bruce Koepke as being items not taxable as costs under 54(c) 79(vi), as fees of a named party to the action.

Both Mr. Barnes and Mr. Koepke are paid employees of defendant Freightliner Corporation who testified in this case that they attend and testify in lawsuits on behalf of Freightliner as a function of their employment and did so in this case.

Donald Barnes testified on August 11, 2004 only for one day.

Bruce Koepke testified on August 12 and 13, 2004.

5

To the extent their travel and subsistence is paid for by Freightliner, these are fees of a party to the action and not taxable costs. Freightliner is listed on the hotel bills.

Plaintiffs also object to 4(l) and (m) pursuant to Rule 54(c) 7(vii) as seeking taxable costs for fees paid to its own expert witnesses.

Plaintiffs respectfully submit that defendants' Amended Bill of Costs are inaccurate, unreliable, and unsupported by sufficient supporting documentation, and the Amended Bill of Costs should be rejected.

        Respectfully submitted,

        Plaintiffs: Alice G. Svege, Administratrix
of The Estate of Thor Svege, Sr. and
Alice G. Svege, as Guardian of the
Estate of Minor Children, Thor Svege, Jr.
and Brianna Svege

By: _____
LEO GILBERG, ESQ.
305 Broadway, 7th Floor
New York, NY 10007
212-822-1440
Federal Bar No. CT22824

6

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent on this date by regular mail to the following:

Paul E. Williams, Esq.
Day, Berry & Howard, LLP
City Place I
Hartford, CT 06095

Clerk
U.S. District Court: District of Connecticut
141 Church Street
New Haven, CT 06510

*[signature]*
LEO GILBERG, ESQ.